[ PHILADELPHIA, FEBRUARY 29TH, 1840. ]

SULLIVAN and Another *against* JOHNS.

IN ERROR.

1. In a claim filed by a mechanic under the act of 1836, one who erected the building, and was the owner at the time the work was done, may be named as *contractor ;* and one who purchased the building after the work was done, but before the filing of the claim, may be joined as *owner.*

2. To a *scire facias* on a mechanic's lien against A., contractor, and B., owner, the sheriff returned " made known" as to A., and " *nihil habet*" as to B. A plea was entered for both defendants, the jury were sworn as to both, and the judgment was entered generally. *Held*, that although the proceedings were irregular, yet that as B. was not personally liable on the judgment, there was not sufficient cause for reversal of the judgment.

3. Notice of special matter intended to be offered in evidence, must be given under the rule of Court, notwithstanding that an affidavit of defence has been filed, setting forth in substance the matter offered in evidence.

(Sullivan *v*. Johns.)

ERROR to the District Court for the City and County of Philadelphia.

To June Term, 1837, of that Court, Daniel Johns brought a writ of *scire facias* upon a mechanic's claim against Nathan P. Sullivan, contractor, and Peter A. Browne, owner, of a certain three-story brick house, situate in Walnut street, in the city of Philadelphia, for painting and glazing done from the month of December, 1836, to May, 1837, amounting to eight hundred and thirty-two dollars and forty cents.

To this *scire facias* the sheriff returned " made known," as to Sullivan, and " *nihil habet*" as to Browne. An appearance was entered for Sullivan only.

On the 21st of July, 1837, Sullivan filed an affidavit of defence as follows, viz.

" Nathan P. Sullivan, the defendant above named, on his solemn affirmation declares and says, that he has a just and true defence to the plaintiff's demand in the above action; the nature and character of which is as follows. That this deponent has done carpenter work, and furnished materials for the plaintiff, and at his request, to an amount exceeding the amount claimed by the plaintiff in this suit. That the deponent and the plaintiff have had dealings together in their respective trades, for several years, the account wherefor remains unsettled; the balance being as yet unascertained. Until which settlement it is not in the deponent's power to say whether he is indebted to the plaintiff any part of his demand in the present suit. The deponent further says, that the amount claimed by the bill filed in this suit, is greater than the plaintiffs ought to be allowed for the work and materials."

Pleas were afterwards entered of " non assumpsit, payment and set-off."

The cause came on for trial before STROUD, J., on the 1st of June, 1838, when the plaintiff gave evidence to prove the work done by him at the building. There was also some evidence of the ownership of Mr. Browne.

The defendant then offered evidence to prove that Sullivan had done work for Johns as a carpenter, at his house in Pine above Broad street, and to show the amount thereof. This evidence was objected to by the plaintiff's counsel, and rejected by the Court, on the ground that notice in writing had not been given ten days before the trial of the matters intended to be given in evidence under the plea of set-off.

To this opinion the counsel for the defendants excepted.

(Sullivan v. Johns.)

The learned judge charged the jury—" That the owner of the building, at the time the work was done, if himself the actual builder, might be considered as the contractor, and a claim be filed, and a *scire facias* issued against him as such. That a *purchaser* of the building, after the work was done and the building finished, might be made a party as *owner* in the claim filed, and *scire facias* issued. That the act of assembly contains the expression ' owner or reputed owner ;' and the jury might take the evidence of Thomas Lawrence and consider whether or not he was not at least a reputed owner. That the defendant not having put the ownership in issue by a distinct plea, could not take advantage of the want of proof thereof on the trial, even if no evidence had been given on the subject."

A bill of exceptions was taken to the rejection of the evidence and the charge of the Court; and the record having been removed by writ of error, the following specifications were filed.

1. " The judge erred in rejecting the defendant's evidence.

   1st. Because it was admissible under the plea of payment.

   2d. Because it was admissible under the plea of set-off, the plaintiff not having called for a specification of the particulars intended to be set off.

   3d. Because the defendant by his affidavit of defence, gave notice in writing more than ten days before the trial, of the matter intended to be given in evidence.

   4th. Because the affidavit of defence filed by the defendant, amounts to, and is in law a full plea of set-off.

2. The judge erred in his charge to the jury.

   1st. By instructing them that the owner of a building at the time the work is done, can be proceeded against as contractor.

   2d. By instructing them that a purchaser after the building is finished, can be proceeded against both in the claim filed and the *scire facias* issued as *owner*.

   3d. By instructing them that the question of ownership must be put in issue by a distinct plea."

Mr. *Hopkins* and Mr. *Randall* for the plaintiffs in error argued—

1. That the evidence ought to have been received. The affidavit of defence contained all the information that could be required, and was sufficient notice. They referred to *Dale* v. *Sollet*, (4 *Burr.* 2133.) *Moses* v. *M'Farlane*, (2 *Burr.* 1010.) *Sylvester* v. *Girard*, (4 *Rawle*, 185.) *Sharp* v. *Sharp*, (13 *Serg. & Rawle*, 444.)

2. That the proceedings were erroneous, inasmuch as Sullivan was owner at the time the work was done, and could not be sued as contractor ; and because a judgment was entered against Browne, who was not served.

(Sullivan *v.* Johns.)

Mr. *J. J. White,* contra.

1. This is in substance an action of assumpsit. The plea is non-assumpsit. The rule of Court is express that notice in writing must be given. The affidavit is not part of the record. The plaintiff was surprised here. In *Beyer* v. *Fenstermacher,* (2 *Wharton,* 97,) it was held, that notice must be given, although the evidence offered had been given on a previous trial before arbitrators.

2d. The proceedings were conformable to the act of 1836, which requires " the owner or reputed owner," and the contractor to be made parties. The proceedings are *in rem ;* and the publication required by law is notice. The judgment is not personal against Browne. *Anshutz* v. *M'Clelland,* (5 *Watts,* 487.)

The opinion of the Court was delivered by

Rogers, J.—The act of the 16th of June, 1836, relating to the liens of mechanics and others, directs " that in filing the claim, the names of the party claimants, and of the owner or reputed owner, of the building, and also of the contractor, architect or builder, where the contract of the claimant was made with such contractor, architect, or builder, must be set forth." Naming a person as contractor, or owner, or both, when he was such at the time of the contract, would seem to be liable to no objection, arising either from the words or spirit of the act; nor is any error perceived in filing the claim against a person who has become the purchaser after the building is finished, but before the claim is filed, and who remains the owner, or is the reputed owner, at the time it is filed. The owner complains with a bad grace of a proceeding, which gives him notice of the lien on his property, and at the same time an opportunity to make a defence, and which subjects him to no personal liability whatever.

At the trial evidence was overruled, because no notice was given of the special matter. It is contended, that the affidavit of defence is equivalent to notice ; but this will not justify us in dispensing with the positive requirement of the rule of Court, which is intended to guard against surprise. As the defendant omitted to give notice, the plaintiff had a right to suppose that all intention of insisting on a set-off had been abandoned. And to this effect is the case of *Beyer* v. *Fenstermacher,* (2 *Wharton,* 97,) where it is said that it has been repeatedly decided, that notice of set-off is necessary, although evidence may have been given of the same matter before arbitrators. The rule of Court is easily observed, and is so clearly beneficial, that it ought not to be relaxed on slight or frivolous pretexts. Besides, the affidavit, even if received as a substitute for notice, is too general to give that information of the special matter which the plaintiff has a right to require.

The claim is filed against Nathan P. Sullivan, contractor, and

Vol. v.—47

(Sullivan *v.* Johns.)

Peter A. Browne. owner. To the *scire facias* the sheriff returns, "made known," as to Sullivan, "*nihil habet,*" as to Browne. There is an appearance for one only, but the pleas are for both defendants, the jury are sworn as to both, and the judgment is against both. And this, though irregular, may well stand, because Mr. Browne cannot be injured by the judgment. He is not personally liable, as has been suggested, even for costs; for this is a proceeding *in rem,* and the claimants can only look for indemnity to the building which is incumbered with the lien. It was not disputed at the trial, that Mr. Browne was the owner at the time the claim was filed, nor do I perceive in what aspect that question was material. The intention of the *scire facias* was to get a judgment against the building, so as to coerce payment out of the procceds of sale; and this object may be reached as well by a judgment against the contractor alone, as against both. In no respect were the defendants injured,. either by the charge of the Court or the judgment; for even had the process been dropped against him, the building would still be liable to the claim of the lien creditors. And the effect would be the same if the issue had been found for him; that is, the plaintiff would be entitled to judgment against the building notwithstanding. The act directs, that the writ of *scire facias* shall be served in the same manner as a summons upon the defendant, if he can be found in the county, and a copy shall also be left with some person residing in the building, if occupied as a place of residence; but if not so occupied, it shall be the duty of the sheriff to affix a copy of such writ upon the door, or other front part of such building. A copy of the summons, as we must presume, has been left or affixed, as is directed, as no objection on that account has at any time been made. The writ was served on one, and as appears by the return of *nihil habet,* was not served on the other; and under such circumstances, if the plaintiff had filed a declaration, he would have counted against one only, noticing the fact that the other was not summoned; and the jury would have been sworn against one; and this would have been the proper course. But although, as before said, the course pursued is irregular, it is not sufficient cause of reversal; as no harm is done. The parties are not placed in any worse situation by a judgment against both defendants, than they would have been had the judgment been rendered against one only. An error, without an injury to a party, is no cause for the reversal of a judgment.

Judgment affirmed.