WILLIAM ROBINS v. MANNING F. BUNN AND SAMUEL BAR-
BER, PARTNERS, ET AL.

1. When the title to the property upon which a mechanics' lien is claimed
   is changed between the time of making the contract or doing the work
   and the time of filing the lien, the person owning the property when
   the lien is filed is the proper one to be made a party as owner.
2. Section second of the supplement of April 6th, 1866, prevents the
   abatement of the proceedings upon the lien-claim by the death of the
   builder or owner, and extends the remedy to executors or adminis-
   trators.
3. The executors and administrators named in this supplement are the
   executors or administrators of the owner at the time the lien is filed,
   and not of the former owner when the contract is made or the work
   done.

Error to the Circuit Court of the county of Burlington.

The defendants, Bunn & Barber, made a written agree-
ment with George C. Davis to build a house for him in Bor-
dentown, Burlington county. They contracted with the
plaintiff, William Robins, to paint the house. On September
20th, 1866, George C. Davis died, before the house was
accepted, leaving a widow and several children surviving
him. By his will, dated January 8th, 1866, and proved
after his decease, he devised this house and lot of land to his
widow for life, and to his daughter, Laura G. Davis, in fee,
after the death of her mother. Bunn & Barber did not
pay Robins for painting the house, whereupon he filed a
lien-claim in the clerk's office of Burlington county, April
16th, 1867, for the amount of his bill, $545.60. The claim
was made and filed against the defendants, Bunn & Barber,
as builders, and Levi Davis, George W. Davis, and Mahlon
Hutchinson, executors of the last will and testament of
George C. Davis, deceased, owner. Bunn & Barber gave a
*relictâ*, and a trial was had by the other defendants, in the
Burlington Circuit, and a verdict rendered against them for
the sum of $455, under the charge of the court that said

sum was, by virtue of the mechanics' lien-claim filed in said cause, a lien on the buildings and lands therein described. To this charge the defendants excepted, and a writ of error was brought to this court.

The cause was argued before BEASLEY, CHIEF JUSTICE, and BEDLE, WOODHULL, and SCUDDER, Justices.

For plaintiff in error, *Holt*.

For defendants in error, *Voorhees* and *Ten Eyck*.

SCUDDER, J. The error alleged in this case is, that the lien-claim is filed and enforced against the defendants, Levi Davis, George W. Davis, and Mahlon Hutchinson, executors of George C. Davis, who, at the time the lien was filed, were the owners of the lot of land against which the lien-claim is made.

In order to determine who are the proper parties to these proceedings, we must construe together the mechanics' lien law, approved March 11th, 1853, and the second section of the supplement of April 6th, 1866. *Nix. Dig.* 571, 582.*

Prior to this supplement, it had been decided that where the title to the property upon which a lien is claimed is changed, between the time of making the contract or doing the work and the time of filing the lien, the person owning the property when the lien is filed is the proper one to be made a party as owner. *Edwards* v. *Derrickson*, 4 *Dutcher* 39; *S. C.*, 5 *Dutcher* 468; *Gordon* v. *Torrey*, 2 *McCarter* 112.

The dissenting opinion of Chief Justice Green, in the former case, will make one pause and doubt what is the proper interpretation of this perplexing statute.

A similar decision has, however, been made under the statute of Pennsylvania of 1836, which is like ours in some of its provisions. *Sullivan* v. *Johns*, 5 *Wharton* 366.

It is also an obvious construction of section sixth of the statute, which states what the claim filed shall contain, to

---

* *Rev.*, p. 668.

say that the requirement to insert the name of the owner or owners of the land, means the present owner or owners, when the claim is filed, and not any antecedent owner.

As the lien attaches at the commencement of the building, and a sale under the special *fi. fa.* given in section eleven cuts out all subsequent encumbrances, it would seem sufficient to make the remedy complete to proceed against the present owner.

It may be said on the other side, that every subsequent purchaser, owner, and encumbrancer takes with constructive notice of the lien, and, therefore, as the remedy runs back to the title of the owner when the building was commenced, he may well be nominally the proper party.

This, however, violates the well-settled principle that when a person has parted with all his interest in land, he is no longer a proper party in enforcing a lien or encumbrance upon it.

This is a question of statutory construction, and, as I have already said, whatever doubts may have been entertained, the interpretation has been settled that under the act of 1853, the owner at the time the lien-claim is filed is the party to be named therein.

It is, however, now said that section two of the supplement of 1866, has changed this construction. This enacts that the lien shall and may be claimed, filed, and enforced by suit against the builder or builders of any building, their executors or administrators, and against the owner or owners of the building and the lot of land and curtilage, *their executors or administrators.*

It is argued that the lien may be claimed, filed, and enforced by suit against the executors or administrators of the former owner, because the mention of executors or administrators would be senseless if a lien-claimant were always obliged to file his claim against the present owner.

It appears to me, however, that there is a manifest intention in this supplement which is very noticeable, and does

not involve the overthrow of the construction already given to this part of the original act.

The case of *Ayres* v. *Revere*, 1 *Dutcher* 474, decided that the administrators of the builder were not proper parties to the proceedings, under the statute to enforce a lien against the building and land, and that they could not be joined with the owner in such proceedings; that as the remedy was statutory, only the parties named in the statute could be joined. It was, therefore, questionable, as the owner was alone named in the statute, whether the lien could be enforced against his representatives, even after the claim had been filed, and the action might abate, if he should die *pendente lite*.

This was caused by an omission in the act of 1853. The earlier acts provided for a succession in the remedy by lien. It is found in our first statute on this subject, (*Private Laws* 1820, *p* 126,) applicable to the town of Camden and vicinity, in the county of Gloucester. Also in the act of 1835, (*Elmer's Dig.* 338,) and in the revision of 1846, (*p.* 743.) It was made general in its application to the whole state, by the act of 1851. The same provision will be found in the earlier lien laws of Pennsylvania, from which these original acts were in part copied. In all these it is enacted that the person having a claim filed agreeably to the provisions thereof may, at his election, proceed to recover it by personal action, according to the nature of the demand, against the debtor, his *executors* or *administrators*, by *scire facias* against the debtor and owner or owners of the building, *or their executors or administrators*.

The second section of the supplement of 1866* was enacted to restore this feature of the former statute, and thereby extend the remedy. It had no reference, specifically, to which of the owners should be sued, whether the former or the present, but to the continuance of the remedy in case of the death of the builder or the owner.

As the proceedings against the owner affect only the building and land upon which the lien is claimed, it would

*Rev., p. 673, ¿ 21.

Robins v. Bunn & Barber et al.

appear to be right, in case of succession, to notify the heirs or devisees of the land, and not the executors or administrators who represent the personal estate; but the legislature have enacted differently, and made these personal representatives parties to the suit, in case of the owner's death.

The object of this supplement, then, as I understand it, is to give a succession to the lien claim, and suit thereon, and prevent an abatement by the death of either of the parties.

The builder is made a party defendant to the claim, as the contractor of the debt, and his executors and administrators, in case of his death, as his representatives, the same as in other personal actions; and the owner at the time the claim is filed is also a party defendant, and, in case of his death thereafter, his executors or administrators. Treating the case, after claim filed, as *lis pendens*, and therefore notice to all subsequent takers, they may have been chosen as more convenient parties, to prevent delay and interruption of the suit, in case the owner should die leaving heirs who were scattered and troublesome to find.

This construction avoids the difficulty which will be apparent from the other construction, which is that the lien might be claimed, filed, and enforced against the present owners of the estate, and their entire interest sold, without any notification to them, and without being parties to the proceedings at any stage of the cause. A construction so opposed to the fundamental principles of procedure in actions at law cannot be given to an act, where it will admit of another interpretation more reasonable and just.

Again, if it should be held that the former owner, or his executors, were the proper parties, then, in case of sale, and also of devise and descent, he or they could alone act under the other provisions of the statute, such as the proviso in the twelfth section, authorizing him to extend the lien by written agreement, and the fourteenth section, where he must file the *caveat* against the claims of other claimants, thus acting in continuing the charge upon the property, and in dis-

tributing the proceeds thereof, in which he and they have no present interest.

The conclusion, therefore, is, that the legislature, in passing this supplement, did not intend to change the judicial construction previously put upon the act of 1853, that the present owner when the claim is made and filed is the proper party; and that their purpose was to prevent the abatement of the proceedings upon the lien-claim, by the death of the builder or owners.

This view of the case makes it unnecessary to consider the alleged irregularity in the entry of the judgment. This must be reversed as to the executors of the former owner, and as to the building and land.

BEASLEY, CHIEF JUSTICE, and BEDLE and WOODHULL, Justices, concurred.

CITED *in Jacobus* v. *Mutual Life Ins. Co.*, 12 *C. E. Gr.* 627.