Opinion by
Henderson, J.,
The contest in this case arises out of the distribution of the proceeds of the land of Samuel Deichley, deceased, sold on an order of the orphans’ court for the payment of debts. The appellant obtained a judgment against Deichley on May 12, 1905. On April 4th prior thereto Deichley commenced the improvement of his property by the construction of a large porch, some repairs inside of his residence, and the erection of a barn on the same lot. Howard Sheeler furnished lumber used in this improvement. He did not have a contract for all the lumber for the undertaking, but furnished material, from time to time as needed, on the order of the carpenters engaged on the work. On March 3, 1906, Sheeler filed a mechanic’s lien for the material so furnished. Deichley died after the lien was filed and on distribution of his estate the judgment creditor and the mechanic’s lien creditor each claimed priority of lien on the fund. The court below found that the mechanic’s lien was entitled to preference. There are numerous exceptions to this action. One of the objections to the Sheelerclaim is that it does not conform to the requirements of the eleventh section of the Act of June 4,1901, P. L. 431, which requires that the claim shall set forth among other things “when the claimant first furnished labor or materials thereto, and when he last did so.” The lien as filed set forth in the eighth para *444 graph as follows: “The claimant first furnished the material for said buildings on the 4th day of April, 1905, and continuously thereafter until the 7th day of September, 1905, when the last material was furnished.” The bill of particulars attached to the lien showed a sale of lumber at various times from April 4, 1905, to September 7, 1905, inclusive, and attached to the bill is the statement of the claimant that “All the material was furnished between the dates April 4, 1905, and September 7, 1905, as above set forth.” The claim was sworn to as required by the act of assembly. At the hearing it was admitted that there was no sale or delivery of material on September 7th, the date of the last item as stated in the claim and itemized account, the last charge before that being August 7th. It was alleged, however, by the claimant that there was a sale of a small bill on September 27, 1905, and the claimant’s counsel stated at the hearing that the entry of September 7th was a mistake, and that a charge should have been made on September 27th, and the books of the claimant were offered in evidence in support of this allegation. Without the item of September 27th, the lien could not be sustained for the reason that it was not filed in time. The court admitted the evidence of the charge of September 27th and found that the claimant’s contract was completed at that time. The objection to this action is that it was in effect an amendment of the lien by the orphans’ court and that, too, in a material respect after the time had passed within which a lien could be filed. It has been frequently said that a mechanic’s lien is purely statutory and that a compliance with statutory requirements is necessary in order to give it validity. There is no intendment in its favor: Knelly v. Horwath, 208 Pa. 487. The command of the statute that the claim filed shall set forth when the claimant first furnished material and when he last did so is a reasonable one not only in the interest of the owner but of other creditors with whom, as in this case, questions of priority may arise; but whether reasonable or not it is a requirement essential to the validity of a lien and which may not be dispensed with. It, of course, is implied that the statement must be truly made and others interested *445 have a right to rely on the record as setting forth the facts. As it is conceded that the lien in question does not set forth when the last material was furnished the necessary conclusion follows that the act authorizing a lien has not been complied with. It is not stated that the charge of August 7 is the last item and if that were the averment the lien would prove the claimant out of court as it was not filed for more than six months after that date. The charge of September 7 confessedly being a mistake, no material having been furnished at that time, the claim is essentially defective. Parties bidding and purchasing at the sale were doubtless governed by the statement of the record and were not bound to anticipate that an undisclosed claim would be presented for a completion of the contract at a later date. The claim must be self-sustaining and cannot be extended beyond the limits marked out by its terms. Whatever may have been the right of the claimant to proceed for an amendment of his claim in the common pleas, the orphans’ court had no authority to add to or qualify the record which alone gave the appellee standing to participate in the distribution.
There is the further defect in the claimant’s case that even if it were admissible to prove that the claim should have contained a charge on September 27th, there is no evidence which in our opinion justifies the conclusion that the contract with the decedent was completed on that date or that the small item of material then alleged to have been furnished was used in the improvement originally undertaken. The lien was not evidence to prove the plaintiff’s claim, against objection. Its statements as to contract, time and amount are averments only and prove nothing. The only direct evidence as to the time when the work was completed is found in the testimony of John W. Jacobs, a contractor and builder, who supervised the work on the ground. In answer to the question when the work was completed — when he was last on the ground — he replied “I was on the ground last on September 12th of that year” (1905). On that date he completed a stairway in the house and cased the outside door. There is no evidence that anyone connected with the work ordered any lumber to be *446 used on the premises after September 12th; nor is there any evidence that any work was done there after that date. As far as the affirmative evidence goes it is to the effect that the last work done on the premises was September 12th. The mere fact that a charge was made for lumber on the twenty-seventh is not sufficient to connect it with the work of which Mr. Jacobs had supervision. The burden was on the claimant, to make this appear. The 4th, 5th and 6th assignments of error are sustained. Other questions are presented relating to the continuity of the contract, the right to file a lien against the whole property for the whole improvement and the distinction -between repairs and substantial alterations, but a discussion of them is unnecessary as the conclusion already reached is against the validity of the mechanic’s lien. Under the evidence the appellant is entitled to priority of lien.
The decree is reversed and the record remitted to the court below to make distribution in accordance with this opinion.