## Herr, Appellant, *v.* Moss Cigar Company.

*Mechanics' liens—Waiver of right of liens—Sub-contractor—*
*Constructive notice—Acts of June 4, 1901, P. L. 431, and April*
*24, 1903, P. L. 297.*

1. In a proceeding sur mechanics' lien, the jury found by special
verdict that a short time prior to May 23, 1907, the plaintiff, a
materialman, furnished to a prospective contractor estimates for
lumber to be used in the erection of a certain building; that on
May 23rd the contractor submitted to the owner a proposition
for the erection which was marked "accepted," and which con-
tained a proposition for the execution of a further formal con-
tract; that on the same day the contractor verbally instructed
the plaintiff to furnish the lumber as required, in accordance
with his estimate; that on May 31, 1907, work was begun on the
foundations by the owner on its own account; and that on June
1, 1907, a formal contract was executed between the contractor
and the owner, and on the same day a stipulation against me-
chanics' liens was executed and delivered to the owner, which
was put on record on Monday, June 3, 1907. *Held,* that the
stipulation was filed within the ten days allowed by the Act of
June 4, 1901, P. L. 431, and was binding as against the lien
claimant.

*Mechanics' lien—Waiver of liens—Filing of waiver—Computa-*
*tion of time—Exclusion of Sunday—Act of June 20, 1883, P. L.*
*136.*

2. The Act of June 20, 1883, P. L. 136, excluding Sunday
from computation, when it is the last day of a period within which
a legal act is to be done, applies to the Mechanics' Lien Act of
June 4, 1901, providing that a building contract containing waiver
of liens must be filed in the prothonotary's office within ten days
of its execution.

*Mechanics' liens—Materialmen—Notice of intention to file lien*
*—Contract—Acts of June 4, 1901, P. L. 431, and April 24, 1903, P.*
*L. 297.*

3. Notice by a materialman of an intention to file a mechanic's lien is insufficient if it fails to set forth the contract under which he claims.

Argued May 13, 1912.    Appeal, No. 195, Jan. T., 1912, by plaintiff, from judgment of C. P. Lancaster Co., Nov. T., 1909, No. 18, for defendant on special verdict in case of John F. Herr v. S. R. Moss Cigar Company, owner or reputed owner, and H. G. and L. J. Dill, contractors.    Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Sci. fa. sur mechanics' lien.

The jury found a special verdict by direction, upon which the court entered judgment for the defendant and filed the following opinion by LANDIS, P. J.

In this case, a special verdict was rendered by the jury, in which all the material facts were with particularity found, and we are now asked respectively by the parties to enter judgment upon it.

It appears that H. G. and L. J. Dill, contractors, evidently contemplating the securing of a contract with the S. R. Moss Cigar Company, Incorporated, a short time prior to May 23, 1907, met John F. Herr, the plaintiff, and secured from him prices for lumber to be used in a building which was about to be erected, known as the Moss building.    On May 23, 1907, the Dills submitted to the Moss Company a proposition in writing for the erection of this building, and the offer thus made was marked "accepted."    Contained in this offer, however, were the words: "We sign the within agreement, guaranteeing to execute a legal contract as soon as same can be properly drawn up, and herewith agree to furnish bond in the sum of sixty-nine thousand ($69,-000.00) dollars.    Said bond to be approved by you and your architect and engineer."    On May 23, 1907, the Dill Brothers had a conversation with Herr, in which they instructed him to furnish the lumber for the Moss build-

ing, to be delivered from time to time, on verbal orders, at the prices which had been submitted to them by Herr prior to May 23, 1907. They gave Herr the approximate quantities to be furnished, but, at that time, gave no definite orders as to classes of lumber, or dimensions, or lengths. On June 1, 1907, a regular contract was signed by the Dills and the S. R. Moss Cigar Company, Incorporated, for the construction of this building; and, on the same day, a paper was executed and delivered to the S. R. Moss Cigar Company, in which was the following stipulation: "Now, for a valuable consideration, the said parties of the first part agree that no lien or claim of mechanics or materialmen or of any other nature whatsoever, shall be filed by any one whatsoever, including the contractor himself, the parties of the first part hereto, or any sub-contractor or materialmen, against the building herein mentioned and contracted to be erected on the premises above described." Between June 7, 1907, and December 26, 1907, inclusive, materials were furnished by Herr to the Dill Brothers for use in the Moss building, amounting to $1,877.21, and all of these items make up the amount in the lien filed. Subsequently notice was given by Herr that he intended to file a lien, and, on the 11th day of May, 1908, a lien was duly filed against the said building, and the present scire facias was issued to collect it. It was also found that, on May 31, 1907, work was being done at the foundations of the building, but that this work was done by the S. R. Moss Cigar Company on its own account, and it was not included in the Dill contract for the erection of the building. Can the plaintiff, under this state of facts, maintain his lien?

By Section 15, of the Act of June 4, 1901, P. L. 431, and its amendment of April 24, 1903, P. L. 297, it is declared that "the right to file a claim may be waived by agreement between the claimant and the party with whom he contracts, or by any conduct which operates

to equitably estop the claimant.  If the legal effect
of the contract between the owner and the contractor
is, that no claim shall be filed by any one, such pro-
vision shall be binding; but the only admissible evidence
thereof, as against a sub-contractor, shall be proof of
actual notice thereof to him, before any labor or mate-
rials furnished by him; or proof that a duly written and
signed contract to that effect has been filed in the office
of the prothonotary of the Court of Common Pleas of
the county or counties where the structure or other im-
provement is situate, prior to the commencement of the
work upon the ground, or within ten days after the
execution of the principal contract, or not less than
ten days prior to the contract with the claimant."  It
has been found by the special verdict that the paper
which is claimed to have been a waiver of the right to
file liens against this building was filed in the prothon-
otary's office on Monday, June 3, 1907, and it has al-
ready been decided by the Supreme Court, in Burger v.
Moss Cigar Co., 225 Pa. 400, that this agreement was a
valid contract by which every person entitled by law
to file a mechanic's lien was prohibited from so doing.
Therefore, it follows that, if this paper was filed within
the time stipulated by the Acts of 1901 and 1903, the
plaintiff has no right to judgment.

As we have before stated, the foundations of this
building were constructed by the S. R. Moss Cigar
Company for itself and they were not included within
the Dill contract.  While the act of assembly provides
that there shall be "proof that a duly written and signed
contract to that effect has been filed in the office of
the prothonotary of the Court of Common Pleas of
the county or counties where the structure or other
improvement is situate, prior to the commencement of
the work upon the ground, or within ten days after the
execution of the principal contract, or not less than
ten days prior to the contract with the claimant," (this
is evidently intended to mean the work on the ground

under the contract by virtue of which the sub-contractor claims, and it certainly cannot mean work done independently of that contract by the owners for themselves).—(1). If this interpretation of the act of assembly is correct, then no work was done in or about the construction of this building before the agreement or waiver was placed upon the record. But, in any event, the agreement waiving the right to file liens was filed in the prothonotary's office of this county within ten days after the execution of the principal contract and not less then ten days prior to the contract with the claimant. The original proposition accepted by the Moss Company was dated May 23, 1907. The agreement of waiver of liens was filed in the prothonotary's office on Monday, June 3, 1907. The ten days mentioned in the act of assembly would have expired on Sunday, June 2, 1907. But the Act of June 20, 1883, P. L. 136, enacts: "That where by any existing law or rule of court, or by any law or rule of court that may hereafter be enacted and made, the performance or doing of any act, duty, matter, payment, or thing, shall be ordered and directed, and where any court shall, by special or other order, direct the performance or doing of any act, matter, payment, sentence or decree, and the period of time or duration for the performance or doing thereof shall be prescribed or fixed, such time in all cases shall be so computed as to exclude the first, and include the last days of any such prescribed or fixed period, or duration of time; provided, that whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth, or of the United States, such day shall be omitted from the computation: And provided, that this act shall not apply to the payment of negotiable paper." Therefore, as it is found that the agreement was filed on Monday, June 3, 1907, (and if it is concluded that the acceptance of the Dill proposition constitutes the contract as made May 23, 1907, then that

day was within the ten days allowed by the act of as-
sembly for the filing of the same, and it was a bar to
the recovery of any claims by sub-contractors under
the Dill contract).—(2). If it is conceded (and it must
be, for it has been so found by the jury) that the con-
tract, though dated May 23, 1907, was executed on
June 1, 1907, and that this was the real contract between
the parties, then there can be no question in this re-
gard, because the agreement of waiver was filed the
second day thereafter.

Section 8, of the Act of June 4, 1901, provides that
"any sub-contractor, intending to file a claim, must give
to the owner written notice to that effect, together with
a sworn statement setting forth the contract under
which he claims, the amount alleged to be still due and
how made up, the kind of labor or materials furnished,
and the date when the last work was done or materials
furnished." It is contended, on the part of the de-
fendant, that no copy of the contract was set forth in
the notice or statement which was served upon the S.
R. Moss Cigar Company. The notice was to the effect
that the plaintiff claimed a lien against the building
erected "by H. G. & L. J. Dill, for material and lumber
furnished by me to the said H. G. and L. J. Dill, and
used by them in the construction of your said building
the said lumber being furnished upon their verbal or-
der, as shown by the sworn statement attached hereto."
The affidavit stated that "H. G. and L. J. Dill, con-
tractors, by various verbal orders, given at different
times, ordered from him lumber and material which was
used by the said H. G. & L. J. Dill in the construction
of the building for the S. R. Moss Cigar Company at
the corner of North Prince and West Lemon streets,
and that the material furnished and the amounts paid
and the amount still due and how made up, together
with the date of the furnishing of the last material
upon the said verbal order and contract, is as per the
schedule attached hereto and marked 'schedule A.'"

In McVey v. Kaufmann, 223 Pa. 125, it was decided that "a condition precedent to the right of a sub-contractor to file a lien is, that he has given to the owners of the building written notice of his intention to file it, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials were furnished;" that, "if a notice by a sub-contractor of an intention to file a lien is defective, the owner does not, by pleading to the scire facias on it, waive his right to make defense on the trial that a condition of the right to file the lien had not been complied with." It was also held that "a mere statement in the notice that a contract existed, without stating the date, or any of its terms, or whether it was written or oral, is insufficient." In Hart v. Lehigh Valley Railroad Company, 41 Pa. Superior Ct. 224, the contract was set forth in the following terms: "The contract under which I claim is as follows, to wit: Verbal and written orders and orders by telephone, by H. O. Hanson, contractor, to whom the above material was sold, or by orders by his foreman." Under this notice, a rule to strike off the mechanic's lien was made absolute, and Henderson, J., delivering the opinion of the court, said: "It is expressly required by this statute that the notice contain a sworn statement 'setting forth the contract' and the amount alleged to be still due 'and how made up.' This provision is obligatory on him who would claim the benefits of the statute. Compliance with that which is specifically directed is necessary to secure a lien. Substantial conformity will not answer as to that." He later added: "The notice given in this case does not set forth the contract within the meaning of the statute, and the lien was, therefore, properly stricken from the record." In Miller v. Fitz, 41 Pa. Superior Ct. 582, it was stated, by MORRISON, J.: "Persons can only enjoy the benefits of the mechanic's

lien law by complying with its requirements. If a notice by a sub-contractor of an intention to file a lien is defective, the owner does not, by pleading to the scire facias on it, waive his right to make defense on the trial that a condition of the right to file a lien had not been complied with." See, also Tenth National Bank of Phila. v. Smith Construction Co., 218 Pa. 581; Wolf v. Penna. R. R. Co., 29 Pa. Superior Ct. 439; Guarantee Building and Loan Association v. Connor, 216 Pa. 543.

It is true that the bill attached to the statement in this case contains dates, quantities and prices; but these are at variance with the contract which the plaintiff now alleges was made between him and the contractors, in that he now claims a verbal contract entered into on May 23, 1907, although no indication of such a contract appears either in the notice or in the statement attached. (It would appear, therefore, that he has no right, at this time, to allege and prove a contract not contained in the notice or statement, and, for this reason also, his present action would seem to be not supportable).—(3). Be this, however, as it may, the first reason is all sufficient, and (we now direct judgment to be entered on the special verdict in favor of the defendant).—(4).

*Error assigned* was in entering judgment for the defendant.

*John M. Groff,* for appellant.—Herr, the plaintiff, had entered into his contract—no doubt ordered his lumber. The original contract was in writing. He knew its contents; he was not obliged to go to the prothonotary's office on June 3rd and see if a new contract had been entered into between the Moss Cigar Company and Dills: Cook v. Murphy, 150 Pa. 41; East Stroudsburg Lumber Co. v. Gill, 187 Pa. 24.

The evidence of Dill and Herr shows that the contract was a verbal agreement between Herr and Dill, that Herr for certain prices was to furnish certain material from time to time for Dills, which he did. The notice sets forth in detail the dates, kind, quantity, quality and price of' the materials which plaintiff furnished. The amount alleged to be still due, and how made up. To require more, it seems to us would be to make a farce of the law: Este v. Penna. R. R. Co., 27 Pa. Superior Ct. 521; Day v. Penna. R. R. Co., 224 Pa. 193.

*W. U. Hensel,* with him *Coyle* and *Keller,* for appellee. —It has always been held that where a day for performance falls on Sunday, it is automatically extended to the next day, which would have been June 3, the day on which the waiver was filed in the prothonotary's office: Lutz's App., 124 Pa. 273; Goswiler's Est., 3 P. & W. 200; Edmundson v. Wragg, 104 Pa. 500; Harker v. Addis, 4 Pa. 515; Marks v. Russell, 40'Pa. 372; Davis v. Davis, 128 Pa. 100.

The notice of intention to file a lien was clearly insufficient, because it failed to set forth the contract under which appellant now seeks to recover: Wolf v. R. R. Co., 29 Pa. Superior Ct. 439; Miller v. Fitz, 41 Pa. Superior Ct. 582; McVey v. Kaufmann, 223 Pa. 125.

Per Curiam, July 2, 1912:

The judgment is affirmed for the reason stated in the opinion of the learned president judge of the Common Pleas.