# Expanded Metal Fire-Proofing Co., Appellant, v. Delp.

*Mechanics' liens—Claim of subcontractor—Notice—Verification by affidavit—Act of March 24, 1909, P. L. 65.*

The notice which a subcontractor is required by the terms of the Act of March 24, 1909, P. L. 65, to serve upon a property owner, of his intention to file a mechanic's lien, must show on its face that it has been verified by affidavit, otherwise it will be treated as a nullity.

Argued Oct. 13, 1914. Appeal, No. 74, Oct. T., 1914, by claimant, from judgment of C. P. Allegheny Co., Jan. T., 1912, No. 91, for defendant n. o. v., in case of The Expanded Metal Fire-Proofing Company of Pittsburgh, a Corporation of State of West Virginia, v. Jacob Delp, Owner or Reputed Owner and William Griesser. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mechanics' lien.

EVANS, J., filed the following opinion:

This case comes before the court on a motion for judgment non obstante veredicto. I shall only notice one of the reasons of the defendant for judgment n. o. v. because I consider that reason fatal to the plaintiff's right to recover. The Act of March 24, 1909, P. L. 65, amending the eighth section of the Mechanics Lien Act of June 4, 1901, P. L. 431, reads as follows:

"Any subcontractor intending to file a claim must give to the owner written notice to that effect verified by affidavit setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished and the date when the last work was done or last materials furnished."

Mr. Littell, the vice-president of the plaintiff company,

according to his own testimony, after the completion of the work and within the time required for the giving of the owner notice of the intention to file a lien, went to the store of Mr. Delp and having met him and identified him testified as follows:

"Well, I told him I wanted to serve notice on him of our intention to file a mechanics' lien; that we had not been able to get our money from the contractor but that we were taking the necessary precautions to protect ourselves. I referred to the amount of it and the price and left one copy of the notice—had both notices in my hand, and left one copy with him."

Both of the papers which he had in his hand are in evidence. The one which he retained and subsequently filed in the prothonotary's office appears on its face to have been sworn to. The paper that he gave to the owner, Mr. Delp, is not on its face verified by affidavit and the question raised by the defendant is that the paper handed to the owner must show on its face that it is verified by affidavit. The act of assembly says: "must give to the owner written notice verified by affidavit." Now, that means that he must give to the owner a notice in writing verified by affidavit and I take it that that means that the notice itself must contain the jurat which shows that that paper is sworn to. If there were any doubt about this question in the reading of the Act of 1909, I take it that that doubt would be solved by section 9 of the Mechanics Lien Law of 1901:

"An owner served with the notice and sworn statement aforesaid may serve a copy upon the party personally liable for the debt therein referred to, with notice that unless such claim is settled within fifteen days thereafter or he is furnished with a sworn statement setting forth wherein it is intended to be disputed, he may pay the same and deduct the amount thereof from the contract price or hold the contractor personally liable for any loss. If the contractor approve the claim or fail to serve a sworn statement of defense thereto the

owner may, before the filing of the claim or at any stage of the proceedings thereon, pay the same and deduct the amount thus paid from the contract price or hold the contractor liable for any loss."

It is evident from the reading of this section that for the protection of the owner the subcontractor and the contractor must file with him papers to which they have made oath and which he can retain in his possession for his protection to use in any manner which he may see fit, and the failure on the part of the contractor to file his sworn statement permits the owner to pay the claim of the subcontractor and the failure of the subcontractor and the failure of the subcontractor to file his sworn statement releases the owner from any liability on the lien.   To say that this duty is fulfilled by serving a paper on the owner or giving to the owner a paper upon which there is no evidence of an affidavit I take it would be construing away the very essence of that provision of the law.   In this case there is no evidence that the paper which showed the jurat of the magistrate administering the oath was ever shown to the owner.

Verdict for claimant for $3,156.61.   The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was the judgment of the court.

*Thos. S. Brown,* of *Brown & Stewart,* for appellant.

*W. F. Petty,* of *R. B. Petty & Sons,* with him *Frank S. Delp,* for appellees.

Per Curiam, January 2, 1915:
The judgment is affirmed on the opinion of Judge Evans.