Orlando, Appellant, *v.* Nick et al.

Argued April 10, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*D. W. Marsh,* of *Marsh & Eaton,* for appellant.

*Clark O. Tayntor,* and with him *John B. Brooks, Charles H. English* and *Frank B. Quinn,* for appellees.

OPINION BY PORTER, P. J., July 12, 1928:

This is an action of scire facias upon a mechanic's lien, filed by a sub-contractor against a building of which the appellees were the owners. The defendants filed an affidavit of defense averring that the claimant, a sub-contractor, had failed to serve upon them, thirty days before the filing of the lien, notice, verified by affidavit, of his intention to file a claim, as required by the 8th section of the Act of June 4, 1901, P. L. 431, as amended by section 1 of the Act of March 24, 1909, P. L. 65. There was attached to and made part of this affidavit of defense a copy of the written notice which was served by the claimant upon these defendants. The defendants then took a rule upon the plaintiff to reply, under oath or affirmation, to the statements set forth in the affidavit of defense, to which rule the claimant filed a replication, admitting that the copy of the notice served upon the defendants which was attached to the affidavit of defense was a true copy of the notice of his intention to file a claim which he had served upon the appellees. The defendants then moved for judgment in their favor upon the whole record, in accordance with the provisions of the 34th section of the Act of 1901, P. L. 447. The learned president judge of the court below held the notice not to be a sufficient compliance with the requirements of

the statute, made absolute the rule to show cause why judgment should not be entered in favor of the defendants upon the whole record and such judgment was entered. The plaintiff appeals and assigns for error the entry of the judgment.

The record discloses that when the appellant filed his claim he attached thereto an alleged copy of the notice which he had served upon the owners and that paper appeared on its face to be duly verified by affidavit and the jurat signed by an officer authorized to administer oaths. This paper was not, however, filed in the office of the prothonotary until at least thirty days after the claimant had been required under the statutes to serve notice upon the defendants. The paper which the claimant had served upon the owners did not appear on its face to be verified by affidavit; what purported to be an affidavit, verifying the notice, was signed by the claimant, but the body of the supposed affidavit did not state the name of the officer before whom it was made and the jurat was not signed by any person. The facts presented by this record are in all respects similar to those involved in the case of Expanded Metal F.-P. Co. v. Delp, 247 Pa. 337, in which it was held that such a notice as that served in the present case was not a sufficient compliance with the terms of the statute. The opinion of President Judge Evans, of the Court of Common Pleas of Allegheny County, which was adopted by the Supreme Court in the case cited, so clearly demonstrates that the notice served upon the owner must upon its face show that it was duly verified by affidavit and the jurat signed by an officer authorized to administer oaths, that further discussion of the question here presented is unnecessary. This case is ruled by the decision of the Supreme Court in the case cited, and the assignment of error is overruled,

The judgment is affirmed.