## Meier v. Harney & Duffy, Appellants.

Argued April 28, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*William S. Doty,* of *Doty & Thornton,* and with him *Fred C. Houston* and *Boyer & Boyer,* for appellants.

—A sub-contractor must comply with the requirements of setting forth the details of the work and the materials for which he claims: Russell v. Bell, 44 Pa. 47; Wharton·v. Investment Co., 180 Pa. 168.

*Daniel F. McCarthy,* and with him *Harry Ralph Phillips,* for appellee, cited: Ott v. Duplan Silk Corporation, 271 Pa. 322; Currie v. Koehler et al., 90 Pa. Superior Ct. 197.

OPINION BY GAWTHROP, J., July 10, 1930:

This case comes up on appeal by defendants from a judgment entered on a verdict for plaintiff on a scire facias sur mechanic's lien. The claimant was a subcontractor. A condition precedent to his right to file the lien was that he had given the owner of the building written notice of his intention to file it, verified by affidavit, setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished and the date when the last work was done or last materials were furnished. This is the requirement of the Act of March 24, 1909, P. L. 65, amending Section 8 of the Act of June 4, 1901, P. L. 431. One of the defenses set up in the affidavit of defense was that the notice of the intention to file the lien was defective in that it did not set forth a list of the material alleged to have been furnished, nor the nature, kind or quantity of said material, nor the prices charged for the material alleged to have been furnished, nor an itemized statement of the work done and the prices charged therefor. This was a proper method for raising the question of the validity of the notice and the right to file the lien: McVey v. Kaufman, 223 Pa. 125. At the trial the notice was offered in evidence and defendants presented points requesting that a verdict be directed for them, because the notice was not in compliance with statutory requirements. The sole question presented

for our consideration is whether the notice amounted to a substantial compliance with the requirement of the statute that it set forth the nature of the labor or materials furnished. The language of the notice in that respect is: "The nature of the labor (or materials) furnished, as aforesaid, was a contract entered into with O. H. Rudolph, general contractor, to furnish the sand, lime, cement and labor of laying the brick on the above entitled house, for the amount of $1,180 with porch, or $1,100 without porch." The question arises, did this sufficiently inform the owner of the nature of the materials furnished? We think not. While the same exactness is not insisted upon in the notice as in the lien itself (Este v. Pa. R. R. Co., 27 Pa. Superior Ct. 521.), the former must be sufficiently definite to fairly apprise the owner of the service which has been rendered and the material which has been furnished and the charge made therefor, in order that the owner may examine and investigate the claim and determine whether it is correct or not, and protect himself in the manner provided by the act in making settlement with the contractor: Ott v. DuPlan Silk Corp., 271 Pa. 322; Willson v. Canevin, 226 Pa. 362.

In Willson v. Canevin, supra, the Supreme Court considered the question, whether a notice set forth "the kind of labor or materials furnished," as required by the Act of 1901. In that case the notice averred "that the kind of materials furnished was finished mill work," but it was accompanied by an exhibit containing a detailed statement of the materials furnished, showing the items and dates when they were furnished. It was held that the notice and statement were sufficient, because they furnished the owner with all the information he needed to deal intelligently with the contractor and protect himself and ascertain if he desired whether or not the contract price was exorbitant and beyond the fair value of the materials agreed to be furnished. The court said: "This differentiates it from the case

where the items and character of the material are not given and the price is a lump sum. In such case the statement would not be sufficient, because it would not enable the owner to ascertain the fair value of the materials furnished, for which only is he liable.

· In Ott v. DuPlan Silk Corp., supra, the subcontractor's claim was for excavation work under a contract providing for the payment of different prices dependent on the character of the materials required to be removed. The validity of the notice was attacked on the ground that the charges were not sufficiently specific. It was sustained because it set forth the number of cubic yards removed, as well as the price charged per unit, and the case was distinguished from those in which notices have been held defective in merely stating a lump sum without setting forth the nature and amount of the work done and materials furnished.

In Breitweiser Co. v. Wyss-Thalman, 51 Pa. Superior Ct. 83, the lien was stricken from the record, because the notice did not sufficiently state the "nature of the labor and materials furnished. All that the notice contained on that subject was, "the nature of the labor or materials furnished was rough lumber and mill work." In affirming the judgment this court said: "It would seem to us that the amended act (1909) requires a subcontractor to set out under the head of 'nature of the labor or materials furnished' a description of the quality and character of the things furnished so that they could be distinguished and identified. The eighth section of the Act of 1901 uses the words, 'the kind of labor or materials furnished.' The amendatory Act of March 24, 1909, uses the words, 'the nature of the labor or materials furnished.' In our opinion there is no material distinction between the two acts in this particular, and that "it is not too much to require him (the subcontractor) to embrace in his notice of his intention to file a lien such full and spe-

cific information as will enable the owner to ascertain ...... the amount alleged to be still due and the character of the labor performed and a description of the materials furnished."

In Benton v. Berg Distilling Co., 63 Pa. Superior Ct. 412, the notice set forth that the amount claimed was "for lumber furnished by me to W. E. Dotts under oral contract and used by him in the construction of said building." It was held that the notice was insufficient to authorize the filing of a lien by the subcontractor.

In Currie v. Koehler, 90 Pa. Superior Ct. 197, we held that the notice contained all the averments sufficient to give the owner knowledge of the claim because there was attached to it a statement showing in detail the materials furnished and the work done, and for that reason the case was similar to Willson v. Canevin, supra.

Tested by these decisions it is apparent that the notice in the case at bar that a lien would be filed for "the sand, lime, cement and labor of laying the brick on the above entitled house" fails to furnish a "description of the quality and character of the things furnished so that they could be distinguished and identified;" and fails to furnish the owner information to enable him to protect himself and not be required to pay an exorbitant price for the same labor and materials.

Therefore, we are constrained to hold that the notice failed to comply substantially with the requirement of the statute. It follows that the court below should have directed a verdict for defendants or entered judgment for them notwithstanding the verdict.

The judgment is reversed and is entered for the defendants.