## Associated Lumber and Manufacturing Company, Inc., Appellant, *v.* Mastroianni.

Argued April 15, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*A. N. Brunwasser,* for appellant.

*Wm. Howard Colbert,* with him *Wright & Rundle,* for appellees.

OPINION BY WRIGHT, J., July 14, 1953:

This is an action of scire facias upon a mechanics' lien filed by a sub-contractor. The court below entered

judgment on the whole record in favor of defendants. Plaintiff has appealed. The judgment will be affirmed.

On October 9, 1952, plaintiff caused to be served on defendants a notice of its intention to file a mechanics' lien. The lien was filed on November 12, 1952, and had attached thereto an alleged copy of the notice of intention, which copy was verified. A scire facias was issued on November 20, 1952, and served on defendants on December 9, 1952. An affidavit of defense was filed January 12, 1953, and service was on that day accepted by plaintiff's attorney. The affidavit of defense averred, inter alia, that the notice of intention to file a claim which was served on defendants had not been verified by affidavit as required by Section 8 of the Act of 1901, P. L. 431, as amended by the Act of 1909, P. L. 65, 49 P.S. §101. A photostatic copy of the served notice was attached as an exhibit, showing that there was no verification. The jurat is not dated or signed, and does not have a seal affixed. The affidavit of defense was endorsed with notice requiring plaintiff to file a replication within 15 days from the date of service. See Section 4 of the Act of 1933, P. L. 845, 49 P.S. §165.

On January 20, 1953, plaintiff served notice on counsel for defendants that, on February 2, 1953, it would present a petition for allowance to amend the served notice of intention by adding a jurat. This petition averred that the notice "was properly sworn to, but the deputy sheriff allegedly served a copy without the jurat". However, plaintiff did not file a replication to the affidavit of defense. On January 28, 1953, defendants entered a rule for judgment upon the whole record, the rule being returnable on February 2, 1953. Service of notice of the rule was accepted on behalf of plaintiff on the same day. On February 2, 1953, both plaintiff's petition to amend and defendants' rule

for judgment were argued and determined. The petition to amend was refused and the rule for judgment in favor of defendants was made absolute. Later the same day, the court refused to grant a rule to show cause why the judgment should not be opened.

Appellant's position is that, where a copy on record of a sub-contractor's notice of intention to file a mechanics' lien is verified by affidavit, but the original notice served upon the owners is not, the defect is not fatal and the notice served may be amended by adding the jurat thereto. This contention is not in accord with prior decisions of the Supreme Court and of this court.

It is "elementary that a mechanic's lien is a statutory proceeding, the action in rem being in the nature of collateral security for the payment of the debt due for work done or materials furnished, and, if the statutory procedure is not complied with, the lien is wholly lost": *Hoffman Lumber Co. v. Mitchell,* 170 Pa. Superior Ct. 326, 331, 85 A. 2d 664. Strict compliance with the statutory requirements is necessary to effect a valid claim: *Dyer v. Wallace,* 264 Pa. 169, 107 A. 754; *Deichley's Estate,* 35 Pa. Superior Ct. 442. As a prerequisite to the filing of a claim by a sub-contractor, Section 8 of the Act of 1901, as amended, supra, requires that he "must give to the owner written notice to that effect, verified by affidavit". The giving of such notice is a condition precedent to the sub-contractor's right to file a claim: *Meier v. Harney & Duffy,* 99 Pa. Superior Ct. 229. Its purpose is to inform the owner of the demand, and the nature thereof, in order that he may protect himself in the manner provided by the Act: *Logan Lumber Co. v. Knapp,* 155 Pa. Superior Ct. 580, 39 A. 2d 275. If a material requirement is omitted, the notice is of no effect and the claim subsequently filed must fall: *Meier v. Harney &*

*Duffy,* supra; *Herr v. S. R. Moss Cigar Co.,* 237 Pa. 232, 85 A. 151. We are not here concerned with the sufficiency of the content of the notice, as was the situation in *Moss & Blakeley Plumbing Co. v. Schauer,* 150 Pa. Superior Ct. 318, 28 A. 2d 323; and *Mullooly v. Short,* 365 Pa. 141, 74 A. 2d 136.

In the case at bar, the exhibit attached to the affidavit of defense shows that the original notice served upon defendants was not verified. This omission is in effect conceded by plaintiff. The factual situation is therefore exactly similar to that in *Expanded Metal Fire-Proofing Co. v. Delp,* 247 Pa. 337, 93 A. 496. There the notice actually served upon the defendant was not verified by affidavit, although a copy filed of record was. The failure of the sub-contractor to serve a verified notice was held to release the owner from any liability on the lien.

In *Orlando v. Nick, et al.,* 94 Pa. Superior Ct. 269, defendants filed an affidavit of defense alleging that the notice served on them, a copy of which was attached as an exhibit, did not show on its face that it had been verified by affidavit. This court followed the *Expanded Metal Fire-Proofing* case, and affirmed judgment for the defendants. Judge PORTER said: "The record discloses that when the appellant filed his claim he attached thereto an alleged copy of the notice which he had served upon the owners and that paper appeared on its face to be duly verified by affidavit and the jurat signed by an officer authorized to administer oaths . . . The paper which the claimant had served upon the owners did not appear on its face to be verified by affidavit; what purported to be an affidavit, verifying the notice, was signed by the claimant, but the body of the supposed affidavit did not state the name of the officer before whom it was made and the jurat was not signed by any person. The facts presented by this

record are in all respects similar to those involved in the case of Expanded Metal F.-P. Co. v. Delp, 247 Pa. 337, in which it was held that such a notice as that served in the present case was not a sufficient compliance with the terms of the statute".

There is no authority for amendment of the served notice of intention to file a lien. Section 51 of the Act of 1901, supra, 49 P.S. §243, permitting amendment of papers filed of record, does not apply in the present situation. The sub-contractor must give the owner a complete notice within the time specified by the Act, and requirements omitted by mistake cannot be added thereafter. "As such notice is an essential prerequisite, *and cannot be amended,* it becomes necessary to consider whether the statutory requirements have been complied with": *Thirsk v. Evans,* 211 Pa. 239, 244, 60 A. 726 (italics supplied). And see *Britner v. Bartkus,* 74 P.L.J. 637.

In view of our conclusion, it is unnecessary to consider the questions of procedure raised by appellant. The lack of verification on the served notice of intention is a fatal defect which cannot be supplied by amendment, and plaintiff is entirely precluded from asserting its lien. No useful purpose would be accomplished by remanding the case.

Judgment affirmed.