## Lapidus v. Wellenbach

*Max W. Gibbs*, for plaintiff.
*Berman & Richard*, for defendants.

DIGGINS, J., September 27, 1956.—This is a rule to show cause why mechanic's lien should not be stricken from the record.

Petitioners rest their case on the allegation that the lien claim was filed on December 12, 1955, and service thereof made by the sheriff of Delaware County on defendants on December 13, 1955, and that the lien is defective because plaintiff asserts no affidavit of the fact and manner of service of mechanic's lien was made and filed of record within the statutory time for filing such affidavit, which is one month after service.

There is no dispute as to the facts. The record shows that the sheriff made the normal sheriff's return

showing the place, date, hour and method of service on each of defendants and this service is duly noted on the appearance docket. It did not however, contain a jurat.

Section 21 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended, 49 PS §131, provides, inter alia:

". . . and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service".

While we think that for all practical purposes, the sheriff's formal detailed and official return is entitled normally to the same or even greater dignity than that to be accorded an affidavit of service, whether by the sheriff or by an individual, from time immemorial the Mechanic's Lien Act, being special legislation conferring unusual privileges, is to be strictly construed: Associated Lumber and Manufacturing Co., Inc. v. Mastroianni, 173 Pa. Superior Ct. 310. This, however, applies to substance and not mere nomenclature. If plaintiff in such an action fails in any substantial requirement of the act, even though technically, such failure is to be resolved against him (Associated Lumber and Manufacturing Co., Inc. v. Mastroianni, supra), and so strict is the law regarding the requirement of this affidavit that the court cannot permit its filing nunc pro tunc.

However, it has been determined that if the affidavit of service is defective and the service itself was not defective, the affidavit may be amended: Boettiger v. Weber, 22 Dist. R. 477, affirmed on other grounds, 57 Pa. Superior Ct. 464.

Even though it be said that the sheriff's return is not technically an affidavit, it is to be noted, we think, with force and effect here that in the original Mechanic's Lien Act of 1901, there was no provision for service specifically by the sheriff, but in the Act of

April 5, 1917, P. L. 42, this section of the act was amended, inter alia, to provide that service might be made:

". . . in any of the methods now provided for by law in the case of a summons . . ."

If that is true, then obviously the sheriff has the right to serve and if the proof of service which he files with the prothonotary is defective but the service itself is not, then there is no sound reason why he cannot amend that proof of service by adding a jurat thereto just as an affidavit might be amended by an individual, and we therefore make the following

### Order

And now, to wit, this September 27, 1956, it is ordered, adjudged and decreed that plaintiff be and he is hereby granted 10 days in which to file amended proof of service so as to meet the requirements of the act of assembly. If such proof is filed within the time allowed, the rule is discharged upon praecipe filed, otherwise it is to be made absolute upon praecipe filed.