## Kauffman v. Chapelski

*Isaac J. Tressler*, for plaintiff.
*Myron M. Moskowitz*, for defendants.

TROUTMAN, J., November 18, 1963.—On September 8, 1961, plaintiff, Lee R. Kauffman, filed a mechanic's lien against defendants, Leonard T. Chapelski and Sylvia J. Chapelski, husband and wife, owners of land on which is erected a dwelling house. The lien purports to cover the dwelling house as well as the land.

Notice of filing the mechanic's lien was filed on September 18, 1961, which notice contains an acceptance of service of the notice in behalf of defendants by

Myron M. Moskowitz, Esq., attorney for defendants, the acceptance of notice being dated September 18, 1961.

On April 25, 1963, plaintiff filed a praecipe for a scire facias sur mechanic's lien, and on April 25, 1963, a scire facias sur mechanic's lien was issued to May term 1963, no. 536, by the Prothonotary of the Court of Common Pleas of Northumberland County, Pa.

On May 20, 1963, upon petition of defendants, the court granted a rule on plaintiff to show cause why the mechanic's lien claim should not be stricken from the judgment index and the mechanic's lien docket, the reason for striking off the mechanic's lien being that plaintiff did not file an affidavit of acceptance of notice of the claim as required by section 21 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, as amended by the Act of April 5, 1917, P. L. 42, sec. 1, 49 PS §131.

Section 21 of the Act of 1901, as amended by section 1 of the Act of 1917, supra, 49 PS §131, provides as follows:

"Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. Service of the notice may be accepted by the owner's attorney; or the claimant, his agent or attorney, may serve the notice upon the owner in any of the methods now provided by law in the case of a summons; or, if for any cause service by any of the aforesaid methods cannot be had, then by posting the notice upon the property described in the claim and by mailing a copy thereof to the owner at his last known residence. A failure to serve such notice or post it, or have service accepted as herein provided, and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim."

In this case, a proper notice of the filing of a mechanic's lien was served and service of notice was accepted by the attorney for defendants. The notice, together with the acceptance of service of defendants' attorney, was filed of record within one month after the filing of the claim. No affidavit as to the service of the notice was filed by plaintiff.

The question involved in this case is whether it is a prerequisite to the validity of the mechanic's lien to file an affidavit of acceptance of notice of the claim where notice of the filing of the lien was given to defendants' attorney, who accepted service of the notice, and which was filed of record within one month after the filing of the claim.

We are of the opinion that the decision in Day and Zimmerman, Inc. v. Blocked Iron Corporation of America, 394 Pa. 386, rules this case. The Supreme Court of Pennsylvania affirmed the order of the lower court striking off the mechanic's lien on the opinion of Judge Waters, which is reported in 15 D. & C. 2d 251. In that case, notice of the filing of a mechanic's lien was given to defendant's attorney which was formally accepted by letter, but plaintiff did not file an affidavit of acceptance of notice of the claim as required by the Mechanics' Lien Act. The court held that the lien was not properly perfected and such defect was not curable and, hence, defendant's petition to strike the lien was properly granted, notwithstanding no third-party rights were affected by failure to file the required affidavit.

The only factual difference in the Day and Zimmerman case, supra, and the case at bar is that the attorney for defendant accepted service of the notice by addressing a letter to the attorney for plaintiff to that effect which had not been filed of record, whereas, in this case, the acceptance of notice by the attorney for defendants is included in the copy of the notice and

filed of record. However, a careful reading of the lower court's decision in Day and Zimmerman, Inc. v. Blocked Iron Corporation of America, supra, shows that the decision did not rest on the fact that no notice was filed, but rather on the fact that no affidavit of the acceptance of service was filed. In the lower court's opinion, page 256, in construing section 1 of the Act of 1917, which amended section 21 of the Act of 1901, providing, inter alia, that service of the notice may be accepted by the owner's attorney, it stated:

"We regarded this amendment as clear to the effect that it provided alternative methods of service of notice of the filing of a mechanic's lien. However, it did not relieve a claimant of the duty to 'file an affidavit thereof' where the service was effected by means of acceptance of notice. The term 'thereof' necessarily and reasonably refers back to the words 'or have service accepted as herein provided.'"

While the 1917 amendment to the Act of 1901 validates the acceptance of service of the notice by the owner's attorney, it did not relieve plaintiff of the requirement to file an affidavit as to the acceptance of such service. We are, therefore, of the opinion that the lien was not properly perfected and that such defect is not curable. The rules of stringent construction referred to in O'Kane v. Murray, 252 Pa. 60, obtain in this case also, and we regard the direction as to the filing of an affidavit as mandatory, that compliance is a prerequisite to the validity of the lien and the failure to observe it invalidates the lien. See Associated Lumber & Manufacturing Company, Inc. v. Mastroianni, 173 Pa. Superior Ct. 310.

It seems superfluous to require an affidavit on the part of plaintiff that service of the notice of the filing of the claim was accepted by the attorney for defendants, when acceptance of service signed by the attorney appears of record. Nevertheless, the requirement of an

affidavit under the provisions of the Mechanics' Lien Act is mandatory and defendants are entitled to have the lien stricken as a matter of law. Had we any discretion in this matter, we would exercise such discretion in favor of plaintiff without hesitation. Unfortunately, we consider this court to be without power to exercise any discretion in this matter. This court can only interpret the law, and the power to change the statute is exclusively in the hands of the legislature.

## Order

And now, to wit, November 18, 1963, defendants' rule to show cause why the mechanic's lien filed by plaintiff should not be stricken from the record is made absolute and the mechanic's lien is hereby stricken off and all proceedings thereunder quashed.

Let an exception be noted for plaintiff.