## Hoffman Lumber Co. v. Geesey

*Harman and Pine*, for petitioner.
*Butler and Butler*, for respondents.

GAWTHROP, P. J., August 6, 1964.—This is a rule to strike off a mechanic's lien. On January 22, 1964, after the effective date of the Mechanics' Lien Law of August 24, 1963, P. L. 1175, 49 PS §1101, plaintiff, a subcontractor, filed its mechanics' lien claim against defendants and caused written notice of filing thereof, with a copy of the claim attached, to be served on defendants January 23, 1964, by the Sheriff of Chester County. On January 27, 1964, the sheriff filed with the pro-

thonotary his return of service thereof in the standard form for making returns of service of writs of summons. He made no affidavit thereto. On March 16, 1964, defendants took a rule on plaintiff to strike off the claim on two grounds: First, that no affidavit of service of notice of filing the claim was filed of record within 20 days after service as required by section 502(2) of the Act of August 24, 1963, 49 PS §1502(2), and second, that plaintiff lumped certain charges contained in the claim contrary to the provisions of section 503(6) thereof. After argument, the matter is before us for decision. The claim must be struck off.

By the provisions of section 505 of the Act of 1963, 49 PS §1505, attacks upon a lien claim for lack of conformity with the act may be made by preliminary objections to be determined by the court. The practice under the prior act of a rule to strike off the claim is thereby superseded. But since the act imposes no time limitation upon the filing of preliminary objections, so that if the rule were discharged a preliminary objection could still be filed timely, we shall consider the rule taken in this case as if it were a preliminary objection.

At oral argument, plaintiff's counsel claimed the right to amend the return of service of notice of filing the claim by having the sheriff add his affidavit thereto and also to amend the statement of the kind and character of materials furnished and the prices charged for each, although no petition for leave to amend either has been filed. Thus, we are faced with the question whether either amendment is allowable. The answer we are required to make to the first question makes it unnecessary to answer the second.

The amendment provisions of the earlier Mechanic's Lien Act of 1901, P. L. 431, sec. 51, 49 PS §243, were broader in scope than those of the Mechanics' Lien Law of 1963, P. L. 1175, 49 PS §1504. The earlier act permitted amendment of any "claim, petition, answer,

replication, scire facias, affidavit of defense, or other paper filed of record" by agreement of the parties or by leave of court upon sworn petition for that purpose, setting forth the amendment desired, that the averments therein were true and that "by mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired". With certain exceptions, such amendments were a matter of right, saving intervening rights. Section 504 of the Act of 1963, however, unlike section 51 of the former act, provides only that a "claim" may be amended, eliminating all reference to other parts of the proceedings and particularly any "other paper filed of record" which could be amended under the earlier act. In the absence from the act of any definition of a "claim", but in view of the provisions of section 503 of the Act of 1963 setting forth the necessary contents of a "claim", it is obvious that an affidavit of service of notice is no part of a "claim", which alone may be amended under the terms of section 504.

The limitation of permissible amendments is not the only change wrought by the Act of August 24, 1963, sec. 502(2), requiring the filing of proof of giving notice, makes another significant change in the prior law. It permits the mere filing of record of an acceptance of service of the notice without affidavit thereto as previously required. Cf. Day & Zimmermann, Inc. v. Blocked Iron Corp. of America, 394 Pa. 386. We are forced to conclude that those changes were knowingly and intentionally made by the legislature to relax the former more stringent requirement of an affidavit of acceptance of notice and to limit permissible amendments, perhaps with knowledge of certain decisions construing the amendment provisions of the prior act, notably Hoffmayer v. Paster, 6 D. & C. 2d 512; Ruggles Lumber Co. v. Serling (No. 1), 6 D. & C. 2d 495; and Laird Lumber

Co. v. Billioni, 13 D. & C. 2d 236, allowing an unsworn sheriff's return of service of notice to be amended by addition thereto of an affidavit. By the language of the 1963 act, it intentionally limited the scope of amendments and eliminated the possibility of amending a faulty or incomplete affidavit of service of notice.

It seems clear, therefore, that enjoyment of the extraordinary remedy of a mechanic's lien requires strict compliance with the requirements of the act as to affidavits of service of notice of filing the claim as was the case in other respects under the prior acts: O'Kane v. Murray, 252 Pa. 60; Samango v. Hobbs, 167 Pa. Superior Ct. 399; Associated Lumber & Manufacturing Co. Inc. v. Mastroianni, 173 Pa. Superior Ct. 310; and that liberality of amendment of the affidavit of service of notice was deliberately eliminated by the 1963 act. Having so concluded, it is unnecessary to pass upon the question of "lumping" items contained in the lien claim.

And now, August 6, 1964, the mechanic's lien claim is struck off.