(Davis *v.* Shoemaker.)

*debet;* or, as no estoppel appears of record, *nil habuit in tenementis,* which is *prima facie* a good plea, and the plaintiff must thereupon reply that the lease was by indenture; for if he replies a sufficient estate in the premises generally, he waives the benefit of the estoppel. (1 *Saund.* 276, *note* 1.)   Here the defendant might have given the statute in evidence under *nil debet,* (*Salk.* 278, *pl.* 1;) but, having pleaded it, the plaintiff had no other course than to reply that the demise was by deed.   The demurrer to the replication was therefore properly overruled.

.   Judgment affirmed.

———————

[PHILADELPHIA, JANUARY, 15, 1829.]

LANGER *against* FELTON.

Rawle.
1r 141
151 100

IN ERROR.

There is no estoppel but between the parties to a deed. .
A party to a fraud is competent to prove it.

WRIT of error to the Court of Common Pleas of *Philadelphia* county.

*Felton,* the plaintiff below, brought an action for money had and received against *Langer,* the plaintiff in error.   On the trial, the plaintiff below offered to prove, by one *Catharine Dredger,* that the defendant had acknowledged that he acted as the agent of the plaintiff in purchasing a certain lot of ground from *John Dredger,* the husband of the said *Catharine,* and herself: That he also acknowledged that he had received from the plaintiff, for the purpose of paying in part for the said lot, the sum of one hundred dollars: That the price agreed upon between the said *John Dredger* and the defendant, for the said lot, was one hundred and fifty dollars: That the defendant paid to *John Dredger,* towards the price of the said lot, fifty dollars only, and that the balance of the said purchase money, to wit, one hundred dollars, was secured by a mortgage given by the plaintiff to the deponent's husband, *John Dredger:* That the deed and mortgage were prepared by the defendant, and that the witness could not read.

To the admission of this evidence, the counsel for the defendant objected, and in order to enforce the said objection, he produced and exhibited to the court, a deed from the said *John Dredger* and wife, to the plaintiff for the said lot, dated the day of        , 1824, and a mortgage executed by the plaintiff to the said *John Dredger,* dated the.     day of       , 1824, to secure the payment of one hundred dollars, and referred the court particularly to the consideration money stated in the deed, and the receipt for the same signed by the said *John Dredger.*   But the said court overruled the said

(Langer *v.* Felton.)

objection, and permitted the witness to be examined, as to the facts offered to be proved.    To this opinion the defendant's counsel excepted.

*Phillips,* for the plaintiff in error.—The witness was not competent.    She could not be permitted to contradict her acknowledgment in the deed.

*Dallas, contra,* was stopped by the court.

Per Curiam.—There is no estoppel but between the parties to the deed.    But here the offer was to prove a fraud; and there is no principle clearer than that a party to the fraud *is competent* to prove it.

Judgment affirmed.

———

[Philadelphia, January 24, 1829.]

## SIMMONS *against* The COMMONWEALTH.

### IN ERROR.

An indictment is not vitiated by stating an offence to have been committed on *the first March* instead of the *first day of March.*
In an indictment for fornication and bastardy, an omission to state the sex of the child, is fatal.

This was a writ of error to the Court of Quarter Sessions of the county of *Philadelphia,* in which the plaintiff in error, *Henry Simmons,* was found guilty and sentenced upon an indictment for fornication and bastardy.    The indictment set forth that *Simmons,* " on the *first March,* in the year of our Lord one thousand eight hundred and twenty-eight, at the county aforesaid, &c., did commit fornication with a certain *Caroline Black,* and a bastard child on the body of her, the said *Caroline,* then and there did beget," &c.

Three errors were assigned in the judgment of the court of Quarter Sessions, of which the two following only are material, viz.

1. That the indictment stated no day of the month on which the offence, therein set forth, was committed.

2. That it did not state the sex of the child.

*Brewster,* for the plaintiff in error, cited 4 *Binn.* 541. 1 *Browne's Rep.* 59.   1 *Chitty's Crim. L.* 179, 217.   2 *Chitty's Crim. L.* 522.

*Coxe,* for the commonwealth, referred to *Duncan* v. *The Commonwealth,* 4 *Serg. & Rawle,* 449.

The opinion of the court was delivered by

Tod, J.—The expression *on the first March,* leaving out the words *day of,* careless as it is in an indictment, might be suffered to