## Dickson et ux., Appellants, *v.* McGraw Bros.

*Competency of witnesses—Interest—Party to contract dead—Fraud—Act of May 23, 1887.*

To exclude a witness on the ground of interest it is necessary he should have a vested interest, not in the question, but in the event of the suit. It must be an interest that the judgment in the cause would operate upon; for if by the event he would neither acquire nor lose a right, nor incur a responsibility which the law recognizes, he is competent. Every other kind of interest goes to credibility.

The act of May 23, 1887, P. L. 158, relates solely to the competency of interested as distinguished from disinterested parties. It made interested parties, with the exceptions specified in § 5, competent witnesses. By exception (e) of said section, the disqualification is made to depend not only on the fact of being a remaining party, but also of having an adverse interest.

Witnesses in an action of ejectment called to prove fraud in a sheriff's sale upon which defendant's title rested, are not incompetent because they are the remaining parties to the fraud, the other party being dead, where they have no interest in the event of the suit.

Argued Nov. 5, 1891. Appeal, No. 283, Oct. T., 1891, by plaintiffs, Samuel Dickson and wife, from judgment of C. P. No. 1, Allegheny Co., June. T., 1890, No. 800, on verdict for defendants, McGraw Bros. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Ejectment. The facts appear by the opinion of the court.

Plaintiff offered to prove by Candis M. Dickson and Henry Dickson, her husband, that the sheriff's sale under which defendants claimed title was fraudulent. Objected to and excluded. [1, 6]

Verdict for defendant and judgment. Plaintiff appealed.

*Errors assigned* were, among others, (1, 6) rulings on evidence, quoting bills of exception; (2–5) excluding declarations of the Dicksons and John A. McGraw as to the fraud.

*W. I. Craig*, for appellant.—Mrs. Dickson was competent, under the exception to clause (e), § 5, of the act of May 23, 1887, providing that, in ejectment, one of several defendants, disclaiming title, shall be fully competent. If a party disclaiming title is competent, a similar party not joined would be competent. If this exception does not make such parties to

the contract in action competent, then the exception is useless, for, by § 6, a party may become competent by release of interest.

If Henry Dickson was incompetent it was on the ground that his wife had been a party to the thing or contract. Section 4 of said act says: " Nor any other interest or *policy of law* except as provided in section 5 of this act shall make any person incompetent as a witness," and there is nothing provided in § 5 that would make him incompetent because his wife had been a party to the thing or contract in action. The position that he was a competent witness is supported by the reasoning in Bitner, Ex., *v.* Broone, 128 Pa. 567.

*W. B. Rodgers*, with him *Bruce & Shields*, for appellee.— Mrs. Dickson was the surviving party to the contract in action, and therefore incompetent, McGraw being dead. This court held in Bitner, Ex., v. Boone, 128 Pa. 567, that on account of the identity of husband and wife when one of them is incompetent to testify as a witness, the other is also incompetent. The answer to appellant's argument is, that Mrs. Dickson was not one of the defendants below, and she did not nor could she disclaim.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

In 1888, the leasehold in controversy, then owned by Mrs. Candis M. Dickson, wife of Henry Dickson, was levied and sold by the sheriff to John A. McGraw, who, in 1889, for the consideration of $1.00, sold and assigned the same to his mother by whom the defendants were put in possession. In 1890, the same leasehold was again sold by the sheriff on a judgment against Mrs. Candis M. Dickson and purchased by Mary E. Dickson, who with her husband afterwards brought this action of ejectment, alleging that the first sheriff's sale was fraudulent and void as to the creditors of Mrs. Candis M. Dickson, as whose property it was levied and sold.

One of the questions, presented by the specifications of error, is the competency of Henry Dickson and said Candis M. Dickson his wife to testify to matters which the beneficial plaintiff proposed to prove by them respectively. The offers were objected to on the ground that the proposed testimony is immaterial and irrelevant and that the witnesses are incompetent to testify to matters occurring in the lifetime of John A. McGraw,

who is dead. The objections were sustained and witnesses excluded. In this we think there was error.

" To exclude a witness," said Mr. Justice GIBSON, in Wolf v. Carothers, 3 S. & R. 240, " it is necessary he should have a vested interest, not in the question, but in the event of the suit. It must be an interest that the judgment in the cause would operate upon ; for if by the event he would neither acquire or lose a right, nor incur a responsibility which the law recognizes, he is competent. Every other kind of interest goes to credibility. Here, if the jury had found in favor of the fairness of the transaction the witness would not by that have acquired a title to any part of the contents of the bond ; for, though it might be fraudulent and void as against creditors, it would be good between the parties. Take it, then, that the whole was a mere device to cover the property of the witness from his creditors ; still it rested with the generosity of his father whether he should, in case the fraud were successful, obtain any part of it. This, therefore, is an interest depending on honor, which goes to credibility, and not upon legal title, which goes to competency." So it was said in Langer v. Felton, 1 Rawle, 141 : " There is no estoppel between the parties to the deed. But, here the offer was to prove a fraud ; and there is no principle clearer than that a party to a fraud is competent to prove it." To the same effect are Babb v. Clemson, 12 S. & R. 328, and Sommer v. Sommer, 1 Watts, 303.

The act of May 23, 1887, P. L. 158, made no change in the law as then settled, but related solely to the competency of interested as distinguished from disinterested parties. It made interested parties, with the exceptions specified in section 5, competent witnesses. By exception (*e*), upon which the appellee seems to rely, the disqualification is made to depend not only on the fact of being a " remaining party," but having an " adverse interest; " and, even such parties may be made competent by disclaimer of title and by release or extinguishment of interest in the event of suit.

Henry Dickson and his wife Candis M. Dickson, the material witnesses by whom the plaintiff offered to prove the charge of fraud upon which her case depended, while they were said to have been remaining parties to the alleged fraud, not only

had no " adverse interest," but had no interest whatever in the
event of the suit; and were therefore competent witnesses.

The remaining specifications require no discussion.

Judgment reversed and a venire facias de novo awarded.