# Ott *v.* DuPlan Silk Corporation, Appellant.

*Mechanic's lien—Notice of intention to file—Items—Attaching contract to notice—Nature of work—Acts of June 4, 1901, and March 24, 1909—Striking off lien.*

1. While a mechanic's lien is purely a creature of statute, and compliance with the act permitting it to be filed is necessary, this rule applies only to essential requirements; and the same exactness is not insisted upon in the notice of intention to file as in the lien itself.

2. Notice under the Acts of March 24, 1909, P. L. 65, amending the Act of June 4, 1901, P. L. 434, must be sufficiently definite to fairly apprise the owner of the service which has been rendered and the charge made therefor; the only requirement is that "the nature of the work" be set forth.

3. A notice of intention to file a mechanic's lien for excavation work, is not fatally defective because it fails to set forth in each item the kind of excavation, if the items are stated under the heading "excavation," and each item gives the number of cubic yards excavated, the price charged per unit, and the total sum due.

4. The fact that no copy of the contract was attached to the notice of intention, will not render the notice invalid, if the statutory requirements appear substantially therein.

5. A notice of intention cannot be attacked because the statement as to the time when the last work was done was not properly set forth, where it is expressly declared in the notice that the contract was fully performed on a date stated, within the statutory requirement.

6. The court commits no error in refusing to strike off a mechanic's entire lien preliminarily, where some items appearing therein are valid.

*Mechanic's lien—Parties—Swearing jury as to both owner and contractor.*

7. It is not reversible error (on appeal by the owner) for the court to swear the jury as to both owner and contractor named as defendants, in a proceeding to enforce a mechanic's lien, although the contractor was not properly in court by service or appearance. If the contractor does not complain, the owner cannot, as it did him no harm.

*Mechanic's lien—Evidence—Lien as evidence.*

8. Although a mechanic's lien cannot be admitted in evidence as proof of its contents, it may be offered as a part of the history of the case, and portions may be read which the affidavit of defense conceded to be true.

*Mechanic's lien—Objection to sufficiency of lien—Appeals—Limited to special complaint made at trial.*

9. Where, on the trial of a scire facias sur mechanic's lien, objections are made to the sufficiency of the lien and the notice of intention to file, the owner, on appeal, will be confined to the special complaints made at the trial.

*Res adjudicata — Mechanic's lien—Set-off—Defenses—Counterclaim—Certificate for defendant—Parties—Action in rem—Action in personam—Former recovery—Res judicata.*

10. Where a contractor sues a subcontractor for an overpayment, and the latter defends on the ground that there was a balance due him, but sets up no counterclaim and asks no certificate in his favor, and the verdict is generally for defendant, the latter is not

barred from proceeding on his mechanic's lien previously filed against the owner.

11. In such case, the subcontractor was not bound to set up his counterclaim; and, further, as the first suit was in personam against the contractor and the second in rem against the owner, there was no such identity of action as would make the suit first tried a bar to proceeding upon the one first brought.

Argued May 16, 1921.   Appeal, No. 445, Jan. T., 1921, by defendant, owner, from judgment of C. P. Luzerne Co., Jan. T., 1918, No. 218, M. L. D., Jan. T., 1918, No. 171, on verdict for plaintiff, in case of John H. Ott, trading as John H. Ott & Co. v. DuPlan Silk Corporation, owner, and F. W. Mark Construction Co., contractor. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Scire facias sur mechanic's lien.   Before GARMAN, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $11,503.58. DuPlan Silk Corporation, owner, appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Edward Hopkinson, Jr.,* with him *John H. Bigelow,* for appellant.—The requirement of the Mechanic's Lien Law that a subcontractor shall give a sufficient notice of intention is a mandatory requirement: Wolf v. R. R., 29 Pa. Superior Ct. 439; Willson v. Canevin, 226 Pa. 362; McFarland v. Schultz, 168 Pa. 634; Burrows v. Carson, 244 Pa. 6; Brant v. Hartrick, 60 Pa. Superior Ct. 507; McCrum-Howell Co. v. Empfield, 50 Pa. Superior Ct. 551; Breitwieser v. Wyss-Thalman, 51 Pa. Superior Ct. 83; Benton v. Berg, 63 Pa. Superior Ct. 412.

That the excavation involved different kinds of work must be inferred from the different prices charged per yard; but what the different kinds were or what was

the character of the work, is nowhere set out in the notice, and can nowhere be even guessed at.

Nowhere in the claim is it set forth when any particular work was done or any materials furnished; it merely says that all the items of work in the claim were done between two specified dates. This is not sufficient for a subcontractor: Crane Co. v. Rogers, 60 Pa. Superior Ct. 300, 305; Brant v. Hartrick, 60 Pa. Superior Ct. 507.

A party who avails himself of any part of a claim in defense of an action is thereby conclusively estopped from subsequently maintaining an action upon any portion of it and loses the excess: Simes v. Zane, 24 Pa. 242; Burt v. Trust Co., 45 Pa. Superior Ct. 320; Myers v. So. Bethlehem Boro., 149 Pa. 85; Schwan v. Kelly, 173 Pa. 65.

*Harris B. Hamlin,* with him *Wm. Morgan Montgomery,* for appellee.—The notice was sufficient: Willson v. Canevin, 226 Pa. 362; American Car & Foundry Co. v. Water Co., 215 Pa. 520.

The case was not res adjudicata: Reading Co. v. Spink, 263 Pa. 445; Schwan v. Kelly, 173 Pa. 65.

A party complaining on appeal of the evidence objected to in the court below will be limited to the specific objection made to it at the trial: Danley v. Danley, 179 Pa. 170.

OPINION BY MR. JUSTICE SADLER, July 1, 1921:

The plaintiff is a subcontractor, who performed essential service in the construction of a building for defendant. His contract for excavation work was verbal, the undertaking having been confirmed by letter of the contractor, dated May 19, 1917. Provision was made for payment of differing prices dependent on the character of the materials required to be removed. All of the work was completed on August 18th following, and the compensation agreed upon not having been paid, a prop-

erly verified notice of intention to file a lien was served upon the owner, to which was attached an itemized bill. Subsequently, a motion to strike off the lien, on the ground of insufficiency of the notice, was refused, as was an application to strike therefrom certain charges. On the trial of the scire facias, these objections were renewed, and overruled in part; the court submitted to the jury three claims, which are the first appearing in the account of the subcontractor.

The validity of the notice is the subject of complaint here, it being insisted that the charges are not sufficiently specific. Each of the three items in question, under the heading "excavation," sets forth the number of cubic yards removed, the price charged per unit, and the total sum due on account thereof. In the one case, the cost was sixty cents, in the second $2.10, and in the third $3.15. These were the amounts agreed to be paid respectively for the moving of material by steam shovel, of rock requiring blasting, and of like work in pier holes. No copy of the contract was attached, but that in itself would not render invalid the notice of intention, if the statutory requirements appear substantially therein: Este v. P. R. R. Co., 27 Pa. Superior Ct. 521.

The Act of March 24, 1909, P. L. 65, amending the Act of June 4, 1901, P. L. 434, section 8, provides that "any contractor, intending to file a claim, must give the owner written notice to that effect, verified by affidavit, setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished, and the date when the last work was done or last materials furnished."

It is argued that the failure to set forth in each item the particular kind of excavation for which the charge is made is a fatal defect. But the general nature of the work is designated. While a mechanic's lien is purely a creature of statute, and compliance with the provisions of the act permitting it to be filed is necessary to give it validity, this rule applies only to essential requirements

(American Car Co. v. Alexandria Water Co., 218 Pa. 520; Willson v. Canevin, 226 Pa. 362), and the same exactness is not insisted upon in the notice as in the lien itself: Este v. P. R. R. Co., supra.

The purpose of the notice is to inform the owner of the claim made, so he may protect himself in the manner provided by the act in making settlement with the contractor. It must, therefore, be sufficiently definite to fairly apprise of the service which has been rendered, and the charge made therefor. The only requirement is that "the nature of the work" be set forth. In stating the claim was for excavation for a particular building, such information was given as enabled the owner to make proper investigation of the correctness of the demand. What was said by this court in Willson v. Canevin, 226 Pa. 362, is applicable here, and a like conclusion should be reached. See, also, Curti v. Hartrick, 61 Pa. Superior Ct. 447; Bennett Lumber & Mfg. Co. v. Hartrick, 61 Pa. Superior Ct. 456.

This case is to be distinguished from those in which liens have been held defective in charging a lump sum against several properties without setting forth the nature and amount of the work done on each (McFarland v. Schultz, 168 Pa. 634; Brant v. Hartrick, 60 Pa. Superior Ct. 507); or where, as in Burrows v. Carson, 244 Pa. 6, the claim was for labor, covering a considerable period, in building stairs for a house, no indication being given as to whether it was performed "in preparation of materials used in the house, at the shop of plaintiff, or in incorporating them into the building by carpenters, cabinetmakers, assistants or laborers"; or where a lump sum is charged for some general class of materials, made up of many different items, as "lumber furnished," not stating the kinds supplied, without which the owner would have no fair opportunity for investigation (Benton v. Berg Distilling Co., 63 Pa. Superior Ct. 412; Breitwieser v. Wyss-Thalman, 51 Pa. Superior Ct. 83). We are of the opinion these decisions are not controlling of the case at bar.

The defendant also insists that the statement as to the time when the last work was done is not properly set forth. This objection is untenable, in view of the express declaration that the contract of May 19, 1917, was fully performed on August 18, 1917. The same exceptions are urged against the lien filed,—which does contain the contract and describe in detail the various classes of excavation work,—as to the notice of intention, but they cannot be sustained. Nor was there error in the refusal of the court below to strike off preliminarily the entire lien, since some items appearing therein were valid: McCristal v. Cochran, 147 Pa. 225; Dyer v. Wallace, 264 Pa. 169.

The fourteenth error assigned is directed to the swearing of the jury as to both owner and contractor, the latter not being properly in court by service or appearance. He was necessarily, under the act of assembly, named in the proceeding as a party defendant. Though the action complained of may be deemed irregular (Sullivan v. Johns, 5 Whart. 366), we cannot see how the present appellant was injured; if any one can complain of such action, it is the contractor, and he is not objecting here: Hills v. Elliott, 16 S. & R. 56.

The defendant also complains of the admission in evidence of the mechanic's lien. The document could not be received as proof of the contents (Hills v. Elliott, supra), for the paper is merely a statement of the claim made: Bernheisel v. Smothers, 5 Pa. Superior Ct. 113. An examination of the record, however, indicates that the offer was merely as a part of the history of the case, and was followed by reading the portions thereof which the affidavit of defense conceded to be true. As to the other statements, evidence was offered to show their correctness. Further, it is to be observed that, though a general objection to the admission of the evidence in question was made, this was coupled with a specification of the reasons for not receiving it, based on the claim of the insufficiency of the lien, and of the intention to file the

same, heretofore considered. To the special complaint made at the trial, the defendant should now be confined (Danley v. Danley, 179 Pa. 170), in view of the fact that it clearly appears the lien's use as evidence was limited to the parts admitted by defendant's pleadings.

One other matter requires consideration. After the filing of the mechanic's lien in the Luzerne courts against the owner and contractor, the latter brought suit in Philadelphia County against the subcontractor, claiming an over-payment to him. Ott defended on the ground that the contrary was true, and to establish his defense necessarily showed the amount of work done by him, and that a balance was due on account thereof. He set up no counterclaim, and asked no certificate in his favor. The verdict was generally for defendant. It is insisted Ott's duty was to assert his claim at that time, and, not having done so, he is now debarred from proceeding with the enforcement of his mechanic's lien, since the owner of the land is entitled to the benefit of any defense which the contractor might have; and, as to him, it is argued, the plaintiff's claim is res adjudicata.

It is undoubtedly true that what has once been judicially determined shall not again be the subject of litigation, and that this principle extends to every question in the proceeding which was legally cognizable (McGunnegle v. R. R., 269 Pa. 404); but the plaintiff's claim did not come within this rule. He proved that nothing was owing by him at the trial, but did not set up his counterclaim. He was not bound to do so: Gilmore v. Reed, 76 Pa. 462. "The mere pendency of a suit upon a claim, will not prevent the same claim from being used as a set-off in another action; or vice versa, the introduction of a claim as a set-off in one action, will not create a bar to a suit in another court, in a direct action upon the same claim": National Metal Edge Box Co. v. American Metal Edge Box Co., 246 Pa. 78, 83.

Further, it is to be noticed that the action in Philadelphia was a personal one in which the contractor was

the opposing party, while that in Luzerne was against the owner, having for its purpose the liening of the land, —a proceeding in rem. There was no such identity of action as would make the suit first tried a bar to proceeding upon the one first brought, but heard subsequently: Powell's Assignee v. Wyoming Valley Mfg. Co., 8 W. N. C. 293. For the reasons stated, the error alleged cannot be sustained.

Other assignments of error have been filed, but a discussion of them is unnecessary; all are overruled. A like disposition is made of the motion to quash filed by appellee, in which we see no merit.

The judgment is affirmed.