Nusbaum *v.* Warwick Hotel Company, Appellant.

Argued December 15, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Sigmund H. Steinberg,* and with him *Israel Packel* of *Blanc & Steinberg,* for appellant.

*David F. Maxwell,* and with him *George B. Clothier* of *Edmonds, Obermayer & Rebmann,* for appellee.

Opinion by James, J., February 1, 1934:

This is an action of assumpsit by Lee Nusbaum, trading as Pennsylvania Engineering Company, against the Warwick Hotel Company, now changed to 1701 Locust Hotel Company, to recover $765 for labor and materials furnished in a new building located at 1709 Locust Street, Philadelphia, known as the Warwick Annex. The owner of the premises was 1709 Locust Street Corporation. The Warwick Hotel Company operated the Warwick Hotel and proposed to operate the annex.

Plaintiff's statement averred that the work was done in pursuance of an agreement with the duly authorized agent of defendant. Defendant denied that the agent was authorized to make any agreement with plaintiff for the work done and by way of New Matter averred that on December 27, 1929 plaintiff filed a mechanic's lien against 1709 Locust Street Corporation, the owner of the premises. The mechanic's lien, sworn to by plaintiff, averred that the name of the person with whom the claimant (plaintiff herein) contracted is 1709 Locust Street Corporation, the owner of the premises; that the offer was made by the claimant to the said corporation through its duly authorized agent, the Warwick Hotel Company; that the said offer was accepted by 1709 Locust Street Corporation by letter from Bennett Tousley, dated September 24, 1929; that in accepting said order, the Warwick Hotel Company accepted the same and ordered the work done for and on behalf of the owner of said property, 1709 Locust Street Corporation, and was duly authorized so to do. Plaintiff admitted that he filed a mechanic's lien containing the above averments but averred that the said lien was discharged by a sale of the said premises on a foreclosure of a prior mortgage as a result of which the mechanic's lien was wiped out and nothing has been realized on the mechanic's lien claim.

At the trial it was established by depositions of Bennett E. Tousley that in September, 1929 he was the resident manager of the Warwick Hotel Company which operated the hotel and that he regarded Mr. Charles Schwefel as his immediate superior, who worked in the interest of Mr. Barth, whom plaintiff recognized as the head of the company, and that Mr. Schwefel was the manager of Mr. Barth's hotels; that on the evening of September 23, 1929, a conference was held between Mr. Schwefel, Mr. Larney, representing the plaintiff, and Mr. Charles Leopold, engi-

neer for the annex, when the refrigeration work to be done in the annex was discussed; that on the following day, September 24, 1929, Bennett Tousley wrote the following letter at the order of Mr. Schwefel: "The Warwick. September 24, 1929. Penn Engineering Company, 1118 N. Howard Street, Philadelphia. Gentlemen: Confirming my conversation with you, will you please rush thru the refrigeration as arranged with me and Mr. Schwefel last evening. We understand that you will equip each of the lines with by-pass valves in order that we may procure refrigeration on the main boxes immediately and that the work will be carried thru until completion without delay. I understand that your price for connecting this refrigeration will be $765. Very truly yours, The Warwick (signed) Bennett Tousley."

The testimony established that the work done was on equipment used in conjunction and as a part of the refrigeration system of both the annex and the Warwick Hotel proper. Mr. Tousley's testimony further showed that after the contract was performed the bill for the work done was sent by the Pennsylvania Engineering Company to the Warwick Hotel Corporation.

No express denial was made of the manager's authority although request was made for the records of the corporation but they were not produced. Defendant's proof consisted solely of the offer of the mechanic's lien and its execution by the plaintiff. The court submitted to the jury the question of the authority of the agent and further charged that if they believed that plaintiff recognized he was dealing with 1709 Locust Street Corporation then the verdict should be for defendant. The points for charge and a point for binding instructions were submitted and refused, and a verdict for the plaintiff was returned by the jury. Motions for a new trial and judgment non obstante veredicto were made, from the refusal of which the present appeal was taken.

Corporations are necessarily required to conduct their business through agents and they are bound by the acts of their representatives within the apparent scope of the business with which they are entrusted: Murphy v. Beverly Hills Realty Corp., 98 Pa. Superior Ct. 183, 186; Griswold v. Gebbie, 126 Pa. 353, 17 A. 673. The authority of the manager of the hotel corporation to bind his principal was not only based upon his position as manager of the hotel but upon the order of his superior (Mr. Schwefel) who was the manager of all the hotels of Mr. Barth, who had employed the manager of the hotel. To say as a matter of law that a manager of a hotel who, pursuant to the direction of his superior, contracts for equipment to be used in connection with the hotel, although largely necessary for an adjoining hotel, both later to be operated together, can not bind his principal, would place all persons dealing with corporations in a very difficult position. Would not a reasonably prudent man, using diligence and discretion, have a right to suppose that the one placed in charge of defendant's hotel property has authority to contract for the benefit and advantage of his principal, where the representative of the principal conferred with the contracting party and the conference is later confirmed by a letter from the man in charge of the hotel? Under all the facts one would naturally and reasonably infer that the manager of the hotel had authority to bind the principal in contracting for equipment necessary for the use of the hotel. We are convinced that there was sufficient evidence for submitting the question of authority to the jury to determine whether or not he was authorized to contract for the labor and equipment furnished by the plaintiff.

Defendant further contends that plaintiff, having elected to file a mechanic's lien against the premises in which the labor and equipment were furnished, can not now proceed against the one with whom he con-

tracted and is bound by his election of his remedy by a mechanic's lien. A proceeding on a mechanic's lien is a proceeding in rem and under the Act of June 4, 1901, P. L. 431, Section 4, (49 PS 28) a contractor is authorized to file a mechanic's lien against premises where the owner knowingly suffers or permits any person, acting as if he were the owner, to make a contract for which a claim could be filed, without objecting thereto at the time, with the same effect as if the contract was made with the owner.

Undoubtedly, under the circumstances of this case, the plaintiff was authorized to file a mechanic's lien against 1709 Locust Street Corporation but the averments set forth in the mechanic's lien alleging that the Warwick Hotel Corporation accepted the same and ordered the work done, for and on behalf of the owner of said property, were properly for the consideration of the jury. The averments of the mechanic's lien were clearly contradictory and inconsistent with the proof of the plaintiff but the effect of the admissions and statements in the mechanic's lien were not conclusive as against the plaintiff but were to be submitted to the jury for them to determine which was correct. As the court stated in its charge, "If you believe the plaintiff recognized he was dealing with the 1709 Locust Street Corporation, that the Warwick Hotel was merely agent for 1709 Locust Street Corporation, then the verdict should be for the defendant." This was as favorable as the defendant was entitled to.

A judicial admission is a waiver of proof; and a pleading is, for the purpose of the very cause itself, a defining of the lines of controversy and a waiver of proof on all matters outside these lines of dispute. But this effect ceases with that litigation itself; and when we arrive at other litigation and seek to resort to the parties' statements as embodied in the pleadings of prior litigations, we resort to them merely as

quasi-admissions, i. e. ordinary statements, which now appear to tell against the party who then made them: 2 Wigmore on Evidence, sec. 1065, p. 539.

In Com. v. Monongahela Bridge Co., 216 Pa. 108, 116, 64 A. 909, the following appears in the opinion of Mr. Justice POTTER: "In the present case the court below admitted the record in the tax case as evidence of the facts therein contained, and in so doing the appellant received the benefit of all that it was entitled to ask." And as was said by Mr. Justice FRAZER in Scott, Admnx., v. American Express Co., 257 Pa. 25, 30, 101 A. 96, "The formal pleadings in a case are drawn by attorneys in technical language, and contain only such averments of facts as in the opinion of the attorneys are material to make out a prima facie case. They, therefore, do not purport to be a complete history or recital of all the facts of the transaction. ......" So, in the instant case the admissions in the mechanic's lien are not to be taken as conclusive as against the plaintiff. The proceeding in rem against 1709 Locust Street Corporation was as a matter of fact to the benefit and advantage of the defendant corporation and the plaintiff is not estopped in the present proceeding in setting up what he contends to be the truth simply because for his further protection he had filed a mechanic's lien against the building.

Under the testimony of the plaintiff we are not met with the question of a disclosed or undisclosed principal. As far as the plaintiff's testimony is concerned it is a proceeding against the principal with whom he dealt. If, as a matter of fact, the defendant company was acting only as an agent for 1709 Locust Street Corporation, it would not affect the right of the plaintiff to pursue either the principal or the agent as at the time of execution of the contract there was no knowledge of the existence of a principal.

Assuming that 1709 Locust Street Corporation was

the undisclosed principal, under the authority of Beymer v. Bonsall, 79 Pa. 298, "An agent making a contract in his own name, without disclosing his agency, is liable to the other party. ...... The agent can not discharge himself afterwards by putting the creditor to his election; being already liable he can be discharged only by satisfaction." (See also Descalzi et al. v. North American Fruit Exchange, 96 Pa. Superior Ct. 293; Horwath et al. v. Simon, 95 Pa. Superior Ct. 410; and Robinson v. Wallace, 65 Pa. Superior Ct. 54.)

The question of authority of the manager to bind his company and the effect of the averments of the mechanic's lien were clearly questions of fact and the court would be unwarranted in entering judgment on the record.

The first and second points submitted for charge by defendant were properly refused, as an affirmance of either one of these points would have been equivalent to binding instructions to the jury. Both points involved in somewhat different language the theory that the admissions or averments in the mechanic's lien to the effect that the Warwick Hotel Company or Mr. Tousley were acting as agent for the owner, 1709 Locust Street Corporation, were binding and conclusive upon the plaintiff. The admissions or averments in the mechanic's lien were properly for the consideration of the jury but were not conclusive.

We find no error in the refusal to affirm the third point submitted. The court had submitted the entire testimony to the jury with instructions that if they believed plaintiff and his witness the verdict should be for plaintiff while if they believed the averments of the mechanic's lien the verdict should be for defendant. It was the duty of the jury to examine all of the testimony and the court would be unwarranted in requiring the jury to examine *very* carefully the testimony of the plaintiff himself. We find no reason

for applying a different rule to plaintiff than to the other testimony in the case.

The assignments of error are overruled and the judgment is affirmed.