Logan Lumber Company *v.* Knapp et al.,
Appellants.

Argued April 21, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT and RENO, JJ. (KENWORTHEY and JAMES, JJ., absent).

*Carroll Caruthers,* with him *Maurice H. Claster,* for appellants.

*Rabe F. Marsh, Jr.,* for appellee.

OPINION BY RHODES, J., September 27, 1944:

We find no reason for reversal of the judgment in favor of plaintiff in any of the forty-one assignments of error.

Plaintiff filed a mechanic's lien, and to the scire facias sur mechanic's lien defendant owners filed an affidavit of defense. The case was tried on the merits by

a judge without a jury under the Act of April 22, 1874, P. L. 109, as amended by the Act of July 10, 1935, P. L. 640, 12 PS §688 et seq. The trial judge made findings of fact and conclusions of law, and found for plaintiff against defendants. Exceptions were filed to the finding of fact and conclusions of law. The court in banc dismissed the exceptions and entered judgment on the decision of the trial judge. Defendant owners have appealed.

Plaintiff's claim set forth the names of the owners, Edward B. Knapp and Emily K. Knapp, his wife; the name of the builders, F. J. Kammerdeiner and Son; and the name of the party with whom it contracted, F. J. Kammerdeiner and Son. In their affidavit of defense appellants averred that the contract for the erection of their building was a contract entered into by them with F. J. Kammerdeiner, as an individual, and not with F. J. Kammerdeiner and Charles J. Kammerdeiner copartners trading as F. J. Kammerdeiner and Son; and that they were not indebted to the plaintiff in any sum whatsoever.

The case came on for trial, and the trial judge found that appellants had contracted with F. J. Kammerdeiner and Son; that the partnership pursuant to the terms of the contract constructed the dwelling house as planned and specified by appellants; that the partnership acting as the contractor ordered material and supplies from plaintiff and other materialmen; that plaintiff furnished the materials set forth in the lien; that said materials were delivered to the structure, were used therein, and were furnished on the credit of the building.

On this appeal appellants have sought to raise questions which have no relation to the merits of the case, and which were not before the court below, or were waived by appellants.

The lien was offered in evidence by plaintiff for the

purpose of proving the admissions contained in the affidavit of defense. See *Ott v. DuPlan Silk Corp.*, 271 Pa. 322, 328, 114 A. 630. It is unnecesasry to prove a fact expressly admitted in the pleadings of the opposite party. In the affidavit of defense it was admitted that plaintiff served a written notice of intention to file a mechanic's lien upon appellants. It was not necessary that a copy of the contract be attached to the notice of intention. Act of June 4, 1901, P. L. 431, §8, as amended by the Act of March 24, 1909, P. L. 65, §1, 49 PS §101; *Ott v. DuPlan Silk Corp.*, supra, p. 326; *Este v. Pennsylvania R. Co.*, 27 Pa. Superior Ct. 521. Any defect in the notice of filing mechanic's lien was not properly raised in the court below, and is not before this court. "The affidavit of service of notice of having filed such mechanics lien shall be deemed to be a part of the record of such mechanics lien." Act of May 22, 1933, P. L. 845, §1, 49 PS §162. It was not averred in the affidavit of defense, or otherwise raised, that Edward B. Knapp, one of the appellants, was not served. No exception was taken to the alleged defect, nor was it argued in the court below. It has not been specifically assigned as error, and under the circumstances could not have been so assigned. There may have been a clerical defect in the affidavit of service, but this cannot be raised for the first time on this appeal. *Ott v. DuPlan Silk Corp.*, supra, p. 329. As to amendments, see Act of June 4, 1901, P. L. 431, §51, 49 PS §243. Objections which might have been raised in the court below but were not will be treated on appeal as having been waived. *Allegany Gas Co. v. Kemp et al.*, 316 Pa. 97, 174 A. 289. Complaint that the trial judge styled his preliminary decision "Verdict in favor of Claimant" is without substantial merit. Such decision is neither a verdict nor a judgment, but the designation was a matter which could have been corrected if the trial judge's attention had

584

been called to it. The procedure specified in the Act of 1874, as amended, was followed.

Appellants' principal complaint is that there was no contract between them and the partnership of F. J. Kammerdeiner and Son.

The finding of the trial judge in this respect had the force and effect of a verdict of a jury, and, having been sustained by the court in banc upon competent evidence sufficient to support it, will not be set aside. *Horsfield, Ex'x, v. Metropolitan Life Ins. Co.,* 124 Pa. Superior Ct. 458, 462, 189 A. 892.

The trial judge made the following finding of fact:

"10. The contract between the defendants and F. J. Kammerdeiner was entered into by the latter on behalf of the partnership and was a partnership contract, and this fact was known to the defendants at the time the contract was executed and as the construction of the house progressed."

It was competent for plaintiff to establish by general proof that the contract with appellants was that of the partnership. *Dinger v. Friedman et al.,* 279 Pa. 8, 19, 20, 123 A. 641.

It was shown that the partnership of F. J. Kammerdeiner and Son was formed in March, 1938, and had been doing business with plaintiff since 1939. The partnership ordered the material for appellants' house from plaintiff on or about April 8, 1941, and proceeded to construct the building. That the partnership was the contractor and builder was advertised by signs on appellants' property during the progress of the work. In a similar manner it was publicly indicated that plaintiff furnished the lumber and mill work. Appellants were fully acquainted with these facts. After the death of F. J. Kammerdeiner, the surviving partner completed the building, and appellants made payments to him and received a partnership receipt therefor. Plaintiff furnished the lumber and mill work under

contract with the partnership.

Appellants had a conversation with the two partners about the proposed building. This was followed by a written bid submitted to appellants and signed by F. J. Kammerdeiner; the other partner, Charles L. Kammerdeiner, was present at the time of submission and at the time of oral acceptance by appellants. A portion of the contract for the erection of the building was oral. All arrangements were made in the presence of and with the advice, consent, and approval of both partners.

It also appears that appellants retained sufficient funds to pay plaintiff's claim. The purpose of the notice of plaintiff's intention to file a lien was therefore accomplished. *Moss & Blakely Plumbing Co. v. Schauer et ux.*, 150 Pa. Superior Ct. 318, 322, 28 A. 2d 323. "The purpose of the notice is to inform the owner of the claim made, so he may protect himself in the manner provided by the act in making settlement with the contractor": *Ott v. DuPlan Silk Corp.*, supra, 271 Pa. 322, at page 327, 114 A. 630, at page 631. The notice given was not only sufficient for, but actually accomplished, this purpose. *American Car & Foundry Co. v. Alexandria Water Co.*, 215 Pa. 520, 523, 64 A. 683.

Appellants cite *Smith-Faris Company v. Jameson Memorial Hospital Ass'n et al.*, 313 Pa. 254, 169 A. 233, as squarely in point. That case involved a scire facias sur mechanic's lien filed by the Smith-Faris Company against Jameson Memorial Hospital Association, owner, and R. T. Withers Sons Company, contractor. The question involved was whether Smith-Faris Company was a subcontractor or a sub-subcontractor. A written contract was offered in evidence between the Hospital Association and Boldt Construction Company for the erection of the building. Another contract between Boldt Construction Company

and R. T. Withers Sons Company for the installation of a heating plant was offered in evidence. A third contract was proved whereby R. T. Withers Sons Company became obligated to the Smith-Faris Company for certain labor and materials furnished and installed by the latter. On this state of facts it was properly held that Smith-Faris Company, the plaintiff, was a sub-subcontractor. In the present case only two contracts were established: (1) The contract between appellants and the partnership; and (2) a contract between plaintiff and the partnership for the materials furnished. Plaintiff was therefore a subcontractor.

The competency of Charles L. Kammerdeiner, surviving partner, as a witness has been questioned by appellants. The only objection to the admission of the testimony of this witness was a general one that his father, the other member of the partnership which contracted with appellant, was dead.

Appellants' contention is that the witness was incompetent under section 5, cl. (e), of the Act of May 23, 1887, P. L. 158, 28 PS §322. We are of the opinion that the witness was not incompetent. He did not have the type of interest in this litigation, a proceeding in rem (*Nusbaum v. Warwick Hotel Co.*, 112 Pa. Superior Ct. 277, 282, 170 A. 388), that made him incompetent (*Hart, Schaffner & Marx v. Koch*, 107 Pa. Superior Ct. 528, 534, 164 A. 369). A disqualifying interest is one which the judgment in the case would operate upon. *Dickson et ux. v. McGraw Bros.*, 151 Pa. 98, 100, 24 A. 1043.

There was testimony apart from that of the witness, which indicates appellant contracted and did business with the partnership, and that it was the contractor and builder of appellants' house. Moreover, it is undisputed that plaintiff contracted with the partnership, that the materials furnished plaintiff under the contract with the partnership went into appellants'

building, that the amount due plaintiff therefor is the amount claimed, and that appellants have retained sufficient money to pay plaintiff's claim. The matter—the partnership contract—concerning which appellants complain occurred between them and the witness, the surviving partner, as well as with the decedent partner.

Charles Kammerdeiner was not a "survivor" testifying to a transaction with a deceased opponent. "He has 'no disqualifying vested interest in this suit, though he may have an interest in the question involved': Metcalf v. Bucks, 36 Pa. Superior Ct. 58. 'To effect this disqualification [i. e., of clause (e), sec. 5 of the Act of May 23, 1887, P. L. 158], the interest of the surviving party must be adverse to that of the decedent' in the particular case trying and not in its possible results: Weaver, Ex'r, v. Welsh, 325 Pa. 571, 577, 191 A. 3'': *Gildner v. First National Bank & Trust Co. of Bethlehem*, 342 Pa. 145, at page 159, 19 A. 2d 910, at page 916. In so far as a judgment in the instant case is concerned, he would neither acquire nor lose a right, nor incur a responsibility which the law recognized. *Dickson et ux. v. McGraw Bros.*, supra, p. 100.

The assignments of error are overruled.

Judgment is affirmed.