## Munch License

*Harold L. Ervin, Jr.*, for appellant.
*Francis R. Lord*, for Commonwealth.

DIGGINS, J., December 18, 1961.— This is an appeal from a 15 days' suspension of appellant's automobile driving privileges.

From the testimony adduced at the hearing held on August 24, 1961, we make the following

### *Findings of Fact*

1. On November 15, 1960, at or about 11:35 p.m., appellant was operating a vehicle in an easterly direction on Route 30, Lincoln Highway, Coatesville, Pennsylvania, at or about a certain intersection which was controlled by a traffic signal.

2. Route 30 is 64 feet wide at the point and has a white line down the middle, and the intersection is located in a residential area.

3. Appellant approached the intersection at a safe speed.

4. In obedience to a traffic light, a tractor trailer was stopped at the intersection ahead of appellant, effectively blocking the left or passing lane.

5. There were no cars parked at the right hand side of the highway and the tractor trailer and appellant's automobile were the only vehicles on the highway at the point, and while the truck remained stopped, appellant carefully pulled up along its right hand side.

6. When appellant's vehicle reached a point opposite the cab of the truck, the light turned green and appellant proceeded past the truck and through the intersection.

7. There was sufficient room to pass the truck on the right.

8. Appellant was charged with reckless driving and he paid the fine and costs.

The Commonwealth supports the charge of reckless driving on the ground that passing on the right at an intersection under these conditions is reckless within the provisions of the statute: The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1001, as follows:

"Any person who drives any vehicle . . . upon a highway carelessly disregarding the right or safety of others, or in a manner so as to endanger any person or property" is guilty of reckless driving. This brings us to the scope of the case on appeal. This is determined by reference to The Vehicle Code, 75 PS §620, which provides that

"Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license

or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for a hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, or whether he may be deprived of the privilege of applying for an operator's license or learner's permit by the secretary under the provisions of this act. . . ."

It has been well established in our law that this section of The Vehicle Code contemplates that the hearing on an appeal to the court of common pleas from the secretary shall be de novo: Commonwealth v. Strobel, 375 Pa. 292, at 294, and it has been held in this same case:

". . . an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine, *in the exercise of the court's sound discretion and in the furtherance of justice,* whether the license should be suspended."

And this same case further holds:

"After the appeal has been heard *de novo*, it is the duty of the hearing judge to make findings of fact from the testimony whereon he may reasonably base his ultimate conclusion as to whether the suspension of the operator's license was warranted."

And:

"Following such hearing *de novo* the hearing judge is required to make his independent findings of fact

and exercise his discretion whether or not a suspension should be decreed."

It seems to us that a good definition of what constitutes reckless driving under the section of the code here involved is found in Commonwealth v. Batts, 46 Del. Co. 229, wherein this court said:

"To be guilty of this offense one must be more than merely careless or negligent; there must be something resembling intention, as in the case of a person who, under circumstances obviously dangerous, decides to 'take a chance' and do the negligent act anyway."

A careful application of the findings of fact in the present case to the definition of reckless driving leads us to the conclusion that the two do not fit. Indeed, it would be difficult under these circumstances to find that appellant was careless or negligent, and the definition requires that one must be more than careless or negligent. Nor do we find anything that would support a conclusion that appellant decided to take a chance and to do a negligent act anyhow. This then would lead this court to the conclusion that on the evidence here adduced, appellant is not guilty of reckless driving.

Our attention is called on the record to the fact that appellant paid the fine and costs in ancillary criminal proceedings. We are of the opinion that this does not make the subject matter of this appeal res judicata before us. The evidence of the payment of the fine and attendant admission of guilt is admissible in the case because The Vehicle Code, 75 PS §1211, makes it so by reason of the fact that section 1211 first makes such evidence inadmissible as evidence in every civil proceeding arising out of the same violation or under the same facts or circumstances, and goes on to provide that the provisions of this section shall not be admissible to affect administrative or judicial pro-

ceedings involving the suspension of a motor vehicle or tractor operating privilege, learner permit, etc. The effect of these provisions is to bar this evidence in a negligence case arising out of the violation, and to permit the evidence in a case involving the suspension of the operating privilege such as we have here. That brings us to the question of the effect of such evidence properly admitted in this case.

The reasoning reflected in this section of the code is that there may be many circumstances which for practical considerations would impel one charged with a motor violation to enter a guilty plea and pay a fine, and that to permit such an action to control or even influence a civil suit for damages would be to disregard the practicalities of our society and of human nature. It is clear from the established law in Pennsylvania that such evidence is admissible as a declaration against interest, but it is not res judicata and is not necessarily controlling: See Cohn's License, 32 Del. Co. 572, at 576; Smith v. Kurtz, 34 D. & C. 439, at 444, 445; Lapayowker v. Lincoln College Preparatory School, 386 Pa. 167, at 176; and Nusbaum v. Warwick Hotel Company, 112 Pa. Superior Ct. 277, at 282, 283.

The mere fact that under the circumstances here a charge of having violated another specific section of the code, such as passing at an intersection, might have been laid, will not of itself bar the charges of reckless driving as has been contended by appellant. See Commonwealth v. Evelyn, 184 Pa. Superior Ct. 514, at 517, 518.

It is further to be considered that this highway at the point was wide enough that it could have been marked into more than two lanes in one direction, in which event what this appellant did would have been permissible, and it is hardly fair to call this reckless

driving simply because no such line was painted on the roadway. Further, appellant testified that he felt that the position of the tractor trailer indicated an intention to make a left hand turn, although he forthrightly said he saw no signal indicating such purpose. Nevertheless, it seems to us that this assumption was not completely unjustified.

We make the following

### Conclusions of Law

1. Under all the circumstances in this case, we feel that the appellant was not guilty of reckless driving.

We therefore make the following

### Order

And now, December 18, 1961, the appeal of Jacob Carl Munch from the action of the Secretary of Revenue in suspending his motor vehicle operator's privilege is sustained and the Secretary of Revenue is directed to reinstate the operating privileges of appellant.