FILED
United States Court of Appeals
Tenth Circuit

February 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RODNEY R. VALENZUELA,

      Petitioner - Appellant,

v.

ANGEL MEDINA, Warden, L.C.F.;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 11-1480
(D.C. No. 1:10-CV-02681-WJM)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Petitioner Rodney Valenzuela, a state inmate proceeding pro se, seeks a

certificate of appealability ("COA") so that he may appeal the district court's

denial of his 28 U.S.C. § 2254 petition. Because Mr. Valenzuela has not "made a

substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), we deny his request for a COA and dismiss his appeal.

Background

Mr. Valenzuela was convicted by a Colorado jury of first-degree murder,

kidnapping, attempted robbery, and controlled substance distribution, and was

sentenced to life without the possibility of parole. 1 R. 5. On direct appeal, the convictions were affirmed. People v. Valenzuela, No. 05CA1992 (Colo. Ct. App. April 24, 2008), 1 R. 133. The Colorado Supreme Court denied certiorari review. 1 R. 174. He then sought state post-conviction relief which was rejected. People v. Valenzuela, 09CA1983 (Colo. Ct. App. Sept. 30, 2010). In his federal petition, Mr. Valenzuela advanced seven claims for relief, each of which the district court rejected. Valenzuela v. Medina, No. 10-cv-02681-WJM, 2011 WL 4369206 (D. Colo. Sept. 19, 2011). On appeal, he argues that the district court erred by rejecting his claims concerning (1) the prosecution's discussion of his brother's confession, (2) the prosecution's use of various inflammatory and unproven statements, (3) insufficient evidence on the kidnapping charge, and (4) ineffective assistance of appellate counsel.

Discussion

The district court was required to defer to the state court proceedings on these claims unless they "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Section 2254(d) is difficult to satisfy—a defendant must show that a state court's ruling is "so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011). Factual findings made by state courts are presumed correct unless the presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here, the district court's ultimate resolution of these issues, dependent upon state court opinions and records, is not reasonably debatable.

A.    Discussion of Brother's Guilty Plea

The Colorado Court of Appeals reasoned that a prompt curative instruction corrected any prejudice from the improper discussion of the guilty plea; the district court also noted that there was overwhelming evidence of guilt. 1 R. 137; Valenzuela, 2011 WL 4369206, at *5. Mr. Valenzuela argues that no instruction could effectively cure the reference to his brother's plea, and that any error could not be harmless because the jury was bound to speculate that his brother pled to first-degree murder. Aplt. Br. 4(a)-(c). This presumes that jurors would ignore express instructions to disregard the statement, which is not legally supportable. Penry v. Johnson, 532 U.S. 782, 799 (2001) (appellate courts presume that jurors follow instructions).

B.    Broader Prosecutorial Misconduct

Mr. Valenzuela relies on the following as prosecutorial misconduct: (1) discussion of his brother's guilty plea, (2) discussion of allegations of threats made to witnesses in violation of a ruling *in limine*, (3) use of the term

"execution" in describing the killing, and (4) encouragement (explicitly or implicitly) of the jury to protect the community and hold Mr. Valenzuela accountable. Aplt. Br. 4(c)-(d). We have addressed Mr. Valenzuela's argument relating to the guilty plea. The state appellate court reasoned that any prejudice from the improper discussion of alleged witness threats was mitigated by the trial court's curative instruction, and that the trial court did not abuse its discretion in denying a mistrial. 1 R. 138. It also concluded that the term "execution" was a permissible comment on the evidence, and that the remaining comments did not constitute plain error and did not render the trial fundamentally unfair. 1 R. 141. These conclusions are supported by the record; hence, the district court's conclusion that deference is required is not reasonably debatable.

Mr. Valenzuela further argues that, taken together, these acts constitute cumulative error sufficient to warrant vacating his conviction and remanding for a new trial, and that the district court erred by concluding otherwise. Aplt. Br. 4(c)-(d). Cumulative error looks at alleged errors of constitutional dimension found to be harmless, and aggregates them to assess whether they so permeated the trial as to deny fundamental fairness. See Young v. Sirmons, 551 F.3d 942, 972 (10th Cir. 2008). Mr. Valenzuela contends that there are "minimally . . . two clear errors," Aplt. Br. 4(d), presumably referring to the discussions of his brother's guilty plea and the alleged witness threats. The district court erred by refusing to consider those errors together; however, in light of the Colorado Court

of Appeals's strong rejection of the underlying claims on their merits, and against a backdrop of the entire record, those errors did not render the trial fundamentally unfair, even when considered together, in light of the prompt curative instructions and overwhelming evidence of guilt.

C.  Sufficiency of the Evidence for Kidnapping Conviction

Mr. Valenzuela also argues that the district court erred by rejecting his argument that there was insufficient evidence to support his kidnapping conviction.  Aplt. Br. 4(d)-(f).  The state court applied a standard consistent with Jackson v. Virginia, 443 U.S. 307, 319 (1979), by evaluating the evidence in the light most favorable to the State, and concluded that evidence supported the verdict.  Essentially, Mr. Valenzuela urges this court to evaluate the circumstantial evidence in the light most favorable to him—crediting his version of events and concluding that he was not a joint participant.  Aplt. Br. 4(e).  Nothing Mr. Valenzuela has argued suggests that the state court's rejection of this claim is an unreasonable application of federal law, or that the district court erred by deferring to that rejection.

D.  Ineffective Assistance of Counsel

Finally, Mr. Valenzuela argues that the district court erred by rejecting his argument that his state appellate counsel's failure to raise an argument relating to an involuntary intoxication defense instruction constituted ineffective assistance of counsel.  Aplt. Br. 4(f)-(g).  The state appellate court rejected this claim on the

basis that Mr. Valenzuela could not show deficient performance, as the jury instructions as a whole correctly conveyed the law.  1 R. 248-51.  Mr. Valenzuela has not shown that this is an unreasonable application of federal law.

We DENY Mr. Valenzuela's request for a COA and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge